## MICHAEL C. DEAN *vs.* ST. PAUL & DULUTH RAILROAD CO.

Submitted on briefs April 14, 1893. Reversed June 16, 1893.

### Assignee of a Part of a Single Claim Protected.

An assignment of a part interest in a demand or obligation may be made, and the courts will recognize and protect the equitable interest of the assignee.

### But Separate Actions cannot be Maintained.

But a separate and independent action cannot be maintained by such assignee, to recover his share of the debt, where the debtor refuses to consent to, or recognize, the assignment.

### Parties to the Action.

An entire demand cannot be made the subject of several different actions. There can be but one suit, in which all persons interested must be made parties plaintiff or defendant.

Appeal by defendant, St. Paul and Duluth Railroad Company, from a judgment of the District Court of Pine County, *F. M. Crosby*, J., entered December 3, 1892, against it for $27.98.

One C. E. Peterson was at work for defendant as brakeman during March, 1892, for which it owed him $50.53. He owed the plaintiff, Michael C. Dean, five dollars for board, and gave him an order upon the Railroad Company for that amount. The Company returned the order to plaintiff, saying it declined to collect claims against its employes. On April 15, 1892, Dean commenced this action against the Railroad Company before William Ginder, a Justice of the Peace of Pine County, to recover the five dollars, and on May 12, 1892, he obtained judgment. Defendant appealed to the District Court on questions of law alone. There the judgment of the Justice was affirmed, the Judge saying: "I think it must be held in this state, and that it ought to be held everywhere, that an assignee of a part of an entire demand may maintain an action upon it. See *Canty* v. *Latterner*, 31 Minn. 239; *Risley* v. *Phenix Bank*, 83 N. Y. 318." Defendant appealed to this court.

*J. D. Armstrong* and *Lusk, Bunn & Hadley*, for appellant.

We ask the court's attention to a case involving a trivial sum, but an important principle. and a serious nuisance to those who employ very numerous servants. The law applicable was stated in the

leading case of *Manderville* v. *Welch*, 5 Wheat. 277. The rule in this case has been generally followed and approved. It was indorsed by this court in *Lewis* v. *Trader's Bank*, 30 Minn. 134, and in *Canty* v. *Lutterner*, 31 Minn. 239. The case of *Risley* v. *Phenix Bank*, 83 N. Y. 318, cited by the learned District Judge, in no way goes to support this action. It is not questioned that partial orders and assignments may bind the debtor when the custom of trade shows the debtor's consent, as in case of checks or orders on a bank. It is not disputed that, under the Code, the real party in interest must sue. But this proves only that assignor and assignee, in case of partial assignments, must join in the suit. The assignee can no more sue alone for his interest in the debt than the original creditor could have brought two actions, each for a part of the debt. The same rule that no one shall be twice vexed for one and the same cause forbids either proceeding.

While it is true, as suggested by respondent, that his complaint does not state a cause of action, still a failure to make the objection is not prejudicial, as questions of law may be raised at any time during the trial. The question of law here is, that plaintiff's evidence did not make a case.

It is not necessary that the return show a request to the justice for a transcript of the evidence, provided it affirmatively appears that all the evidence is in fact returned. *Hinds* v. *American Express Co.*, 24 Minn. 95; *Smith* v. *Force*, 31 Minn. 119.

The certificate of the justice shows the return of certain papers numbered 1 to 8, the evidence and exhibits being numbered 4, 5 and 6. The justice certifies that said papers, together with the foregoing transcript, contain, "a full, correct and complete statement of all the proceedings and the evidence had before me in said cause." Proceedings before a justice are liberally construed, and the certificate is sufficient. *Payson* v. *Everett*, 12 Minn. 216, (Gil. 137;) *Smith* v. *Force*, 31 Minn. 119; *Plymat* v. *Brush*, 46 Minn. 23.

*Robert C. Saunders,* for respondent.

The question of law raised should have been raised by objection to the complaint that it contains no cause of action. 1878 G. S. ch. 65, § 33.

The return of the justice does not purport to contain a true transcript of all the evidence given at the trial, nor does it affirmatively show that the transcript of the evidence is returned upon the request of either party to the suit. The transcript of the evidence is not properly made a part of the return, and the appeal should be dismissed. 1878 G. S. ch. 65, § 116; *Hinds* v. *American Express Co.*, 24 Minn. 95.

1878 G. S. ch. 66, § 26, authorizes the assignment of things or parts of things in action arising out of contract. Partial assignments of a thing in action arising out of contract are not excepted in the body of this section, nor enumerated in the proviso. The Act is remedial and enlarging, and should be liberally construed. Aside from the statutory validity of partial assignments and the statutory direction that the assignee sue in his own name, the tendency of the best considered modern cases is to uphold such assignments. 1 Am. & Eng. Encyc. Law, 833, 834; 2 Morse, Banks & B. §§ 494, 500.

*Mandeville* v. *Welch*, 5 Wheat. 277, has frequently been questioned, and is cited by Morse as favoring the contention that a draft operates as an assignment. No intervening rights complicate this case. The simple question is, can the assignee of a specified sum, payable out of a designated fund, enforce payment from the debtor of the assignor?

The alleged "serious nuisance" arising from the adoption of the principle contended for by respondent, cannot for a moment stand against the manifest injustice and striking inequity of the rule insisted upon by appellant.

VANDERBURGH, J. One Peterson, who was in the employment of the defendant, was entitled to $50, the amount of his wages for March, 1892. On the 1st day of that month he gave an order to plaintiff, upon the defendant, directing the payment to him of $5, and to deduct the same from the amount of his wages for March. This order, after due presentation, the defendant refused to recognize or pay.

It was determined in *Canty* v. *Latterner*, 31 Minn. 242, (17 N. W. Rep. 385,) in accordance with the weight of authority, that an assignment of a part interest in a demand or obligation may be

made, and that the courts will recognize and protect the equitable interest of the assignee.

But the court did not hold that, as against the debtor or obligor, a separate and independent action might be maintained by the assignee, to recover the amount of his interest, or that a single demand could be split up and enforced in that way by the assignee, severally, so as to subject the debtor to sundry different actions, where he has not consented to the assignment. No such burden can be imposed upon the maker of a single, entire contract. He cannot, against his consent, be compelled to deal with a plurality of creditors, and be subject to be harassed by a multiplicity of suits. The case of *Risley* v. *Phenix Bank*, 83 N. Y. 318, does not hold a different doctrine. The court there say: "The tendency of modern decisions is in the direction of more fully protecting the equitable rights of assignees of choses in action, and the objection that to allow an assignment of a part of an entire demand might subject the creditor to several actions has much less force under a system which requires all parties in interest to be joined as parties to the action." There can be but one action upon a single demand. The parties interested must join as plaintiffs, or those not joined must be made defendants, in the action, so that the whole controversy may be determined in one suit, unless the creditor agrees to a severance, as by the acceptance of an order, or otherwise. The assignee of a part interest cannot be permitted to carve out of the entire demand the amount of his claim, leaving other parties to bring separate actions for their several interests. See *Field* v. *Mayor of N. Y.*, 6 N. Y. 179, and *National Exch. Bank* v. *McLoon*, 73 Me. 510, where the questions involved herein are fully discussed. The case of bank checks is distinguishable, for manifest reasons.

The justice returned the evidence in the case, and certifies that the papers returned, and the transcript contain a full, correct, and complete statement of all the proceedings and the evidence in the case; and this is the record upon which the decision in the district court, sought to be reviewed here, was made. The record is sufficient to present the questions raised here. The pleadings show the nature of this action, and the certificate, by fair intendment, shows that all the evidence was returned.

The justice having so returned the evidence the record of it cannot now be objected to because it fails to show that there was no formal request made that it should be returned. *Smith* v. *Force*, 31 Minn. 121, (16 N. W. Rep. 704.)

Judgment reversed.

(Opinion published 55 N. W. Rep. 628.)

