AUGUST SCHILLING et al. vs. DANIEL MULLEN, JR., et al.

Argued Oct. 11, 1893.    Affirmed Oct. 24, 1893.

No. 8382.

**Parties to an action on a partial assignment of a claim.**

An action to recover a duly-assigned portion of a demand or obligation may be maintained where the assignee and assignor are joined as plaintiffs, or where the latter, not joining as plaintiff, is made a defendant, so that the whole controversy may be determined in one suit.

**Notice fixes the rights of the parties.**

Notice of an assignment of a demand or obligation, or a part thereof, given to the debtor, fixes the rights of the parties, and protects the assignee.

**Payment to the assignor after notice will not prejudice assignee.**

Where the amount earned by an employe, after notice to an employer of the assignment of a portion of the wages to be earned, exceeds the amount due upon a claim or demand held by the latter against the former at the time of such notice, recovery upon the assignment cannot be defeated by the employer on the ground that he has paid over such excess to the employe.

Appeal by defendant, Daniel Mullen, Jr., from an order of the District Court of Ramsey County, *Hascall R. Brill*, J., entered February 28, 1893, against him for $103.33 and costs.

On January 2, 1892, the defendant, Michael J. McFadden, sold and delivered to defendant, Daniel Mullen, Jr., his stock of confectionery goods and store fixtures and entered into a written contract with Mullen to work for him as clerk in the business for one year from that date, and to give Mullen the use of his name and his tools in the

manufacture and sale of confectionery. Mullen agreed to pay him a salary of eighteen dollars a week. The plaintiffs, August Schilling and six others, recovered judgment January 12, 1892, against McFadden for $93.27 and instituted proceedings supplemental to execution. McFadden settled with plaintiffs February 16, 1892, by assigning to them fifteen dollars a month of his salary and by giving them an order on Mullen to pay plaintiffs out of his salary fifteen dollars on the tenth day of each month, until their judgment interest and costs should be fully paid. On the next day plaintiffs notified Mullen of the assignment and gave him a copy of the order. They demanded these monthly installments as they became due, but obtained nothing. In December, 1892, plaintiffs requested McFadden, who was still at work for Mullen, to unite with them in an action against Mullen to recover the money, but he refused. Plaintiffs then brought this action against Mullen and joined McFadden as a defendant with him. The complaint stated the facts and prayed judgment directing Mullen to pay plaintiff's claim.

The defendant Mullen answered stating as counterclaim that McFadden was owing him $100 when the copy order was handed to him, no part of which had been paid. He also answered that on March 10, 1892, McFadden revoked the order and directed him to pay plaintiffs nothing and demanded that his wages be paid to him personally each week; and that he had paid McFadden accordingly in full. McFadden answered that Mullen had paid him for his services in full as the services were performed and owed him nothing. Plaintiffs moved for judgment on the pleadings and the Court granted it, saying; "Equity will protect such an assignment and compel payment by the debtor to the assignee of the part assigned. *Field* v. *McMahon,* 6 N. Y. 179; *Brill* v. *Tuttle,* 81 N. Y. 454. In an action at law it is different. *Carter* v. *Nichols,* 58 Vt. 553. If notified of the partial assignment it is immaterial that the debtor has paid the assignor. *Banks* v. *Bayonne,* 48 N. J. Eq. 246." Judgment was entered accordingly and the defendant Mullen alone appeals.

*Leon T. Chamberlain,* for appellant.

This Court has decided in *Dean* v. *St. Paul & D. R. Co.,* 53 Minn. 504, that an action at law cannot be maintained by the assignee of

a part of a claim against a debtor, without his consent to the severance of the part from the whole, but indicates that an action in equity may be sustained if all interested parties are brought in, so that the whole case may be settled at one time. This seems to be the doctrine laid down in the cases cited by His Honor, Judge Brill, in his memorandum. But the case at bar has other elements which are controlling.

The parties to the assignment could not change the contract of Mullen to pay weekly or excuse him from so paying, nor could they compel him to pay at a different time from the time prescribed by his agreement. If they have failed to designate out of which weekly payment of $18 the monthly installment is to be taken, can they impose upon the employer the obligation to select which he will deduct the payment from? They could not compel Mullen to hold and accumulate the payments. *Dean* v. *St. Paul & D. R. Co.*, 53 Minn. 504.

Mullen had the right to set off his counterclaim. *State ex rel* v. *City of Lake City*, 25 Minn. 404; *Davis* v. *Sutton*, 23 Minn. 307.

To bind an employer to recognize partial assignments of future wages will lead to complications and difficulties to which he cannot be subjected without his consent. *Carter* v. *Nichols*, 58 Vt. 553; *Mandeville* v. *Welch*, 5 Wheat. 277; *Gibson* v. *Cook*, 20 Pick. 15.

*Johnson W. Straight* and *Leonard A. Straight*, for respondents.

This is a suit in equity in which such partial assignments are held valid and enforceable against the fund holder without his consent and even against his most strenuous objections. *Caldwell* v. *Hartupee & Co.*, 70 Pa. St. 74; *Risley* v. *Phoenix Bank*, 83 N. Y. 318; *Exchange Bank* v. *McLoon*, 73 Me. 498; *Grain* v. *Aldrich*, 38 Cal. 514; *Des Moines Co.* v. *Hinkley*, 62 Iowa, 637; *Phillips* v. *Edsall*, 127 Ill. 535; *Wood* v. *Wallace*, 24 Ind. 226; *James* v. *City of Newton*, 142 Mass. 366; *Trist* v. *Childers*, 21 Wall. 441; *Brice* v. *Bannister*, 3 Q. B. Div. 569; *Addison* v. *Cox*, L. R.. 8 Ch. Appl. Ca. 76.

A debtor can assign his wages to be earned in the future under an existing contract with his employer, whether such employment be by the piece, day, week or month and such assignment will be

fully protected by courts of equity. *Garland* v. *Harrington,* 51 N. H. 409; *Bank of Harlem* v. *City of Bayonne,* 48 N. J. Eq. 246; *Hartley* v. *Tapley,* 2 Gray, 565; *Boylen* v. *Leonard,* 2 Allen, 407.

COLLINS, J. In *Canty* v. *Latterner,* 31 Minn. 242, (17 N. W. Rep. 385,) it was determined, in accordance with the weight of authority, that an assignment of a part interest in a demand or obligation might be made, and that the courts would recognize and protect the equitable interest of the assignee. This doctrine was referred to in *Dean* v. *St. Paul & Duluth R. Co.,* 53 Minn. 504, (55 N. W. Rep. 628,) where the real question was whether a separate and independent action could be maintained by the assignee to recover his share of the demand, the debtor refusing to recognize the assignment. The conclusion of the court was that such an action would not lie, but it was said, in substance, that where the assignor and assignee were joined as plaintiffs, or the former, not joining, was made a defendant, so that the whole controversy might be settled in one suit, the action could be sustained. By means of proper allegations in the complaint, the assignor, McFadden, was made a party defendant to this action, and on this branch of the case the court below ruled correctly when ordering judgment for plaintiffs on the pleadings.

In addition to the one just disposed of, several points are made by appellant's counsel, only one of which needs special consideration. The others are without merit. The plaintiff's claim was a little less than $100 when they obtained the assignment from defendant McFadden. In his answer defendant Mullen alleged that prior to the time of the execution and delivery of such assignment, and consequently before he had notice of it, McFadden had received from him a sum exceeding $100 upon a promise to return and repay the same; that he had not returned or repaid any part thereof; and that the whole remained due and unpaid. These allegations constituted, it is claimed, a complete defense to plaintiffs' cause of action, because they would have been a perfect defense, by way of counterclaim, if found in an answer interposed in an action for services brought by McFadden against Mullen.

From the pleadings in this action it clearly appears that under McFadden's contract with Mullen the former had earned a trifle less than $800 between the day upon which due notice of the as-

signment was served on the latter and the day this action was brought, some eleven months, and it was alleged in Mullen's answer that he had fully paid McFadden for the services admitted to have been rendered, as before stated, so that it may be taken as conclusively shown that, when this action was commenced, the former was indebted to the latter about $700, over and above all set-offs, or that, subsequent to notice of the assignment, he had paid over about that sum to McFadden, ignoring the fact, which had been brought to his knowledge, that these plaintiffs had an assignment for a portion of it. If he still owes the amount earned, the plaintiffs are entitled to the sum which McFadden assigned and ordered to be paid over to them. If, upon the other hand, Mullen has paid over to McFadden the entire amount of his earnings, thus paying over money which belonged to plaintiffs, and in total disregard of the assignment, the loss, if any, will have to be sustained by Mullen, not by plaintiffs. The notice of assignment duly served upon Mullen fixed the rights of all parties, and protected the assignees. The effect of such assignment and notice could not be avoided, directly or indirectly, by anything Mullen might do.

Judgment affirmed.

(Opinion published 56 N. W. Rep. 586.)