<hr />

STATE OF MINNESOTA vs. S. D. RAYANTIS.

Argued Oct. 10, 1893. Reversed Oct. 24, 1893.

No. 8405.

City ordinance of Minneapolis construed.

An ordinance of the city of Minneapolis which provides "that no person shall erect * * * or maintain any * * * structure; or leave, deposit, or place any * * * carts * * * in or upon" any of the streets is not violated when a duly-licensed "push-cart peddler" remains, with his cart, at one certain place upon one of the busiest thoroughfares in said city a half hour, for the purpose of selling his wares.

Appeal by defendant, S. D. Rayantis, from a judgment of the Municipal Court of the City of Minneapolis, Charles B. Elliott, J., entered June 30, 1893, adjudging him guilty of a violation of a

city ordinance and fining him $50 and in default of payment committing him to the workhouse until it be paid, not exceeding sixty days.

The Charter of the City of Minneapolis, Sp. Laws 1881, ch. 76, subch. 4, § 5, subd. 6, provides that the City Council shall have power to pass ordinances to prevent the incumbering of streets with carriages, carts, wagons or sleighs. The City Council accordingly passed the ordinance against unlawful practices in streets, under which defendant was prosecuted. The ordinance reads as follows:

No person shall erect, build, set up, keep or maintain any house, store, shop or other building or structure, or leave, deposit or place any boxes, merchandise, timber, planks, boards, shingles, casks, barrels, hogsheads, lumber, brick, stone, trucks, carts, wagons, sleds or carriages, upon or in any street, alley or sidewalk in the City of Minneapolis.

The language of the complaint is, That defendant did wilfully, unlawfully and wrongfully obstruct that certain street known and designated as Nicollet Avenue in said City, by then and there placing and leaving in said street an obstruction, to wit, a push cart, commonly so called.

The trial judge filed a note in the case, saying: "The defendant holds a license to peddle, but I do not understand that it entitles him to establish a fruit store in the street. A peddler is one who goes from place to place and carries about with him small articles for sale. *Higgins* v. *Rinker,* 47 Tex. 402. A license to peddle does not authorize one to place a structure four feet wide and eight or ten feet long on a busy street and remain permanently in one place."

*Geo. H. Benton,* for appellant.

A licensed push-cart peddler while prosecuting his business stopping half an hour at the curbstone and exposing his fruit for sale, without moving along, is not guilty of violating the ordinance prohibiting unlawful practices in streets. *Graves* v. *Shattuck,* 35 N. H. 257; *Sikes* v. *Town of Manchester,* 59 Iowa, 65; *Wood* v. *Mears,* 12 Ind. 515.

A partial and temporary obstruction of a street by a push-cart peddler is justifiable for the convenience of citizens. The right to

do so exists at common law, and the obstruction occurs in the customary and contemplated use of the street. *Cushing* v. *Adams*, 18 Pick. 110; *Congreve* v. *Smith*, 18 N. Y. 78; *Rex* v. *Russell*, 6 East, 427; *Dickey* v. *Maine Tel. Co.*, 46 Me. 483; *People* v. *Cunningham*, 1 Denio, 524.

The ordinance against unlawful practices in streets (charter and ordinances of Minneapolis of 1888, page 1003) does not apply to a duly licensed push-cart peddler. *Brown* v. *Maryland*, 12 Wheat. 419; *City of St. Paul* v. *Laidler*, 2 Minn. 190.

*David F. Simpson* and *M. D. Purdy*, for respondent.

The obstruction to Nicollet Avenue produced by defendant's push cart standing there for half an hour on the morning of June 28, 1893, must be conceded as coming within the class of partial and temporary obstructions not reasonably necessary. *Callanan* v. *Gilman*, 107 N. Y. 360; *Commonwealth* v. *Passmore*, 1 Serg. & R. 219.

A merchant may have his goods placed in the street for the purpose of removing them to his store in a reasonable time. But he has no right to keep them in the street for the purpose of selling them there, because there is no necessity for it. *Rex* v. *Russell*, 6 East, 427; *Rex* v. *Cross*, 3 Campb. 224; *Higgins* v. *Rinker*, 47 Tex. 402; *Commonwealth* v. *Fenton*, 139 Mass. 195.

The City Council, broad and comprehensive as its police powers are, cannot nor can the Legislature itself authorize the permanent obstruction of a public highway for private purposes. Any permanent obstruction of a street, although only partial in its nature, is a nuisance *per se*. In England not even the King could authorize the permanent obstruction of the public highway. *State* v. *Berdetta*, 73 Ind. 189; *Cohen* v. *Mayor of N. Y.*, 113 N. Y. 532; *Masterson* v. *Short*, 7 Robt. (N. Y.) 299; *Village of Pine City* v. *Munch*, 42 Minn. 342.

COLLINS, J. Defendant was convicted in the municipal court of the city of Minneapolis of a violation of a section of one of the ordinances providing "that no person shall erect, build, set up, keep, or maintain any house, store, shop, or other building or structure; or leave, deposit, or place any boxes, merchandise, * * * trucks, carts,

wagons, sheds, or carriages upon or in any street * * * in said city." It was admitted that at the time of the alleged offense defendant was a duly-licensed "push-cart peddler," and from the evidence for the prosecution it appears that he was arrested by a policeman solely because he had remained with his cart, on the platform of which fruit was exposed for sale, standing close up to the curb of the sidewalk for a full half hour,—without making any sales,—at a certain point upon Nicollet avenue, one of the busiest thoroughfares in the city.

It was not claimed that defendant's cart interfered with or obstructed the travel, although, of course, no other vehicle could occupy the same space in the street during the half hour. This was the extent of the offense as shown by the testimony. The conviction cannot be sustained upon such a showing. The ordinance in question does not cover such a case, nor was there an intent on the part of the city council that it should. It was solely designed to prevent the incumbering of streets with structures or articles which would necessarily impede and obstruct, in a somewhat permanent manner, the proper use of the streets by the traveling public. It was never intended to cover or include the enumerated vehicles, or any other, while they were in use, whether in motion or stopped temporarily for the convenience of the owner or occupant. If so, there could be no distinction made between the fruit peddler who pushes his cart up to the walk that he may find customers, and the citizen who stops his carriage at the curb that he may gossip with a neighbor. Both would be within the inhibition, and liable to arrest.

The ordinance under which defendant obtained his license contains no provisions defining or regulating the manner in which a push-cart peddler shall conduct his business. He is therefore under no specified restrictions, and is authorized to peddle from place to place within the city limits, and to carry with him upon his cart articles of merchandise for sale. He is not required to move continually, but may stop for the purpose of making, or endeavoring to make, sales. If there is anything offensive in the business itself, or if those engaged in it so conduct themselves as to obstruct the streets, or become nuisances, the city council, exercising the same power which it exercised when passing an ordinance compelling

v.55m.—9

these street vendors to first obtain a license, can easily and success-fully regulate and control their manner of doing business. It was under such an ordinance that the prosecution considered in *Commonwealth* v. *Fenton*, 139 Mass. 195, (29 N. E. Rep. 653,) cited by respondent's counsel, was had.

Because defendant was not guilty of an offense contemplated and covered by the ordinance under which he was convicted, the judgment is reversed.

(Opinion published 56 N. W. Rep. 586.)