STATE v. ALEXANDER MESSOLONGITIS.
STATE v. JOHN SANTRIZOS.

November 10, 1898.

Nos. 11,351, 11,352—(19, 20).

City of Minneapolis — Ordinance Prohibiting Placing Goods upon Sidewalk.

Held, the ordinance in question prohibited the defendant from placing his goods on the sidewalk, exposing them there for sale, and permitting them to remain there an unreasonable length of time, even though he was duly licensed by the city as a foot peddler.

Same—Reasonable Time.

He permitted them so to remain for 20 minutes. *Held*, the trial court was warranted in finding that, under the circumstances, this was an unreasonable length of time.

Municipal Court—Statement of Offense Charged as Complaint—Constitution.

The Minneapolis municipal court act provides that, where an offender in custody is brought before the court without process, the clerk shall enter upon the records a brief statement of the offense with which he is charged, which shall stand as a complaint unless the court shall direct a more formal complaint to be made. *Held*, this does not violate the provisions of the constitution [1] requiring that the accused shall be informed of the nature and cause of the accusation.

Complaints in the municipal court for Minneapolis for obstructing sidewalks in the city of Minneapolis. The causes were tried separately before W. A. Kerr, J., without a jury, and defendants were convicted. From orders denying their separate motions for a new trial, defendants severally appealed. Affirmed.

*Geo. H. Benton* and *Victor J. Welch*, for appellants.

The provisions of section 7 of the ordinance of the city of Minneapolis concerning streets and sidewalks were not intended by the city council to be applied to a duly-licensed foot peddler while in the reasonable use of the sidewalks and streets of said city for the purpose of his vocation. State v. Rayantis, 55 Minn. 126. Placing a basket containing ripe fruit by a duly-licensed foot peddler at an unobstructing point on the sidewalk, and there exposing and selling his fruit to citizens passing along and using the sidewalk, is a common-law right incident to his business as a peddler, of which it was not intended to deprive appellants by the provisions of section 7. State v. Rayantis, supra; State v. Edens, 85 N. C. 522; People v. Horton, 64 N. Y. 610.

The use of the sidewalk in the manner disclosed by the evidence is a reasonable use, contemplated by the license, rightful and for the best interests of the public,—a right recognized at common law, and incident to the business of peddling. State v. Rayantis, supra; Graves v. Shattuck, 35 N. H, 257; Sikes v. Town, 59 Iowa, 65; People

[1] Art. 1, § 6.

v. Horton, supra. The business of a fruit foot peddler is of a useful character, neither hurtful nor pernicious, but beneficial to society, recognized as rightful and legitimate both at common law and by the general laws of the state. City of St. Paul v. Traeger, 25 Minn. 248; Mays v. City, 1 Oh. St. 268; City of St. Paul v. Laidler, 2 Minn. 159 (190); Wood v. Mears, 12 Ind. 515; State v. Rayantis, supra.

The city council, in the exercise of the police power to license foot peddlers, has authorized the partial obstruction of the streets and sidewalks in the reasonable use thereof by foot peddlers, and has left the time, manner and means necessary and proper for that end to the judgment and discretion of the peddlers, limited only by the two relative duties expressed in the maxims, "Sic utere tuo ut alienum non lædas;" "Salus populi suprema lex." State v. Rayantis, supra; People v. Horton, supra; Slaughter-House Cases, 16 Wall. 36; State v. Berdetta, 73 Ind. 185; Little v. City, 42 Wis. 643. The power to regulate the business of foot peddlers is vested in the city council, and cannot be exercised by any other branch of the municipality. State v. Rayantis, supra; In re Wilson, 32 Minn. 145. The effort to regulate the business of foot peddlers by applying to them the provisions of section 7, on behalf of the judicial and executive departments of the municipality, is a usurpation of the functions of the city council, violative of every known canon of interpretation, operates in restraint of trade, and violates the presumption of an intent to deal honestly and fairly, an intent as wise as it is moral, which enters into the construction of every law. Brown v. State, 12 Wheat. 419; Bishop, St. Crimes, §§ 194, 216, 218; The Schooner Enterprise, 1 Paine, 32; U. S. v. Wigglesworth, 2 Story, 369; People v. Howell, 4 Johns. 296; Com. v. Macomber, 3 Mass. 254; State v. McOmber, 6 Vt. 215; People v. Peacock, 98 Ill. 172.

The constitutional right to be informed of the nature and cause of the accusation cannot be taken away by a statute authorizing a municipal court to try offenses in a summary manner. Const. art. 1, § 6; Laws 1889, c. 161, § 17; City of St. Paul v. Umstetter, 37 Minn. 15.

*H. W. Childs*, Attorney General, *Frank Healy* and *H. D. Dickinson*, for respondent.

Defendant was not peddling at all at the time of his arrest. There is not an act or a fact in evidence to show that he was at that time engaged in the occupation of a peddler. Higgins v. Rinker, 47 Tex. 381, 402. Even granting, for argument, that he was at the time engaged in the vocation of a peddler, that gave him no right to place his goods on the sidewalk for sale, or to erect a market or booth thereon. The license to peddle carried with it no right to violate this ordinance. Com. v. Fenton, 139 Mass. 195.

The ordinance is a reasonable one. The acts alleged and proven were, under no guise, necessary to a peddler's occupation. "Reasonable" has reference to the rights of the public as well as the particular person. Callanan v. Gilman, 107 N. Y. 360. The prohibition in the ordinance extends to all. There is no exception of persons, not even of the occupant of the store or owner of the lot over which the sidewalk is only an easement. Surely a peddler's license was not intended to exempt a man from this prohibition. Many other licenses are granted for the use of the street, but all are subject to these restrictions. As to authorities on obstruction of sidewalks, see Costello v. State, 108 Ala. 45; 1 Am. St. Rep. 840, note; Com. v. Lagorio, 141 Mass. 81; Com. v. Rice, 9 Metc. (Mass.) 253; People v. Van Houten, 13 Misc. 603; Com. v. Derby, 162 Mass. 183; Com. v. McCafferty, 145 Mass. 384; Com. v. Wentworth, 4 Clark (Pa.) 324; Graves v. Shattuck, 35 N. H. 257; Com. v. Passmore, 1 Serg. & R. 217; People v. Cunningham, 1 Denio, 524; Mathews v. Kelsey, 58 Me. 56.

In compliance with the statute, the clerk had entered upon the records of the court a brief statement of the offense with which defendant is charged. The statute says that this entry by the clerk "shall stand in place of a complaint, unless the court shall direct a formal complaint to be made." An information was thus on file and of record in the case, fully informing defendant of the nature and cause of the accusation. The court, therefore, did not err in refusing to order a formal complaint to be made. Defendant was in no way deprived of his constitutional rights.

CANTY, J.

Under an ordinance of the city of Minneapolis, said appellant,

Messolongitis, was convicted of placing and exposing for sale goods, wares and merchandise on the sidewalk in that city. He was fined therefor the sum of $5, in default of payment thereof to be imprisoned in the workhouse of said city for the period of five days; and, from an order denying a new trial, he appeals to this court.

It was admitted on the trial that he was at the time a duly-licensed foot peddler, and he contends that, on the evidence, there was no ordinance under which he could be convicted of the alleged charge.

The evidence tended to prove that he placed upon the sidewalk of a main business street of the city two baskets of fruit, and remained there 2¾ hours, soliciting customers, when he was arrested. The ordinance under which he was arrested reads as follows:

"Sec. 7. No person shall place or suffer to be placed upon or over any sidewalk in the city of Minneapolis, or suspend over any street in said city, goods, wares or merchandise for sale, show or otherwise, beyond the front line of the lot where such goods may be placed, suspended or exposed."

It is contended that this ordinance was passed to prohibit the owners of the abutting property from encroaching upon the sidewalk, and exposing thereon for sale goods which they may have in their places of business, and that it does not apply to street peddlers and hawkers who have no interest in the adjoining property, but who may have placed their goods upon the sidewalk, and exposed them for sale. The section certainly does apply to such owners of abutting property, but we see no reason why it does not also apply to a street vendor who has no interest in such abutting property. It would be a peculiar law that would permit such a street vendor to expose for sale his goods on the sidewalk, and at the same time prohibit the abutting owner who owns the fee of the street from doing likewise.

The case of State v. Rayantis, 55 Minn. 126, 56 N. W. 586, is cited as authority for the proposition that the placing of goods on the sidewalk for sale in this manner is authorized by a peddler's license. That case does not so hold. It simply holds that permitting a push

cart to remain in the street for a considerable length of time while the peddler exposes his goods for sale is not in violation of section 1 of the ordinance in question, which section simply prohibits the storing of goods, boxes and carriages on the street.

We cannot hold that the license of a foot peddler authorizes him to expose for sale his goods on the sidewalk for an unreasonable length of time. Such a license does not authorize him to preempt a portion of the sidewalk, and use it as a market place or a fruit stand. He may, under such license, go from house to house, and from place to place, in search of customers; and, if there is no ordinance to the contrary, he may solicit customers on the street; but he cannot stop an unreasonable length of time for that purpose, or for the purpose of making a sale. The evidence shows that he was merely evading the provisions of section 7, and was doing what his license as a foot peddler did not authorize him to do.

Except as hereinafter stated, the case of State v. Santrizos is similar to the case of State v. Messolongitis, filed herewith. No written complaint was filed in the Santrizos case, but the clerk of the court entered upon his records a statement of the offense with which the defendant was charged. The defendant objected to such statement, and first asked that the court order a written complaint to be filed, which request the court refused to grant, and thereafter he moved that the action be dismissed because no such complaint had been filed, which motion was denied.

We are of the opinion that the court did not err in either ruling. The municipal court act [2] provides as follows:

"In cases where alleged offenders shall be in custody, and brought before the court or the clerk, without process, the clerk shall enter upon the records of the court a brief statement of the offense with which the defendant is charged, which shall stand in place of a complaint, unless the court shall direct a formal complaint to be made."

This leaves it in the discretion of the court to order or refuse to order the making of a formal complaint. The statement entered

[2] Sp. Laws 1889, c. 34, § 17 (page 609).

upon the minutes sufficiently stated the offense charged, and is sufficient under the constitution.

Appellant also contends that the evidence is not sufficient in this case to show that he violated said section 7. The evidence tends to prove that he stopped upon the sidewalk for 20 minutes, and refused to move on when ordered to do.so by a special policeman, and made one sale during that time. We are of the opinion that the court was warranted in finding that he was not in fact peddling, but was merely attempting to evade the provisions of said section 7, and was using the sidewalk as a fruit stand or a market place. He was entitled to stop a reasonable length of time to make a sale when he found a customer, or in good faith supposed that he had found one; but he was not authorized to lay his basket down on the sidewalk, and wait for customers to come along.

This disposes of all the questions raised having any merit, and the order denying a new trial is affirmed.