## CITY OF DULUTH v. E. E. ESTERLY.[1]

June 23, 1911.

Nos. 17,074—(152).

Obstructing street with vehicle — evidence.

Evidence considered, and *held*, that it is sufficient to sustain a conviction of the defendant for obstructing and incumbering a street in the city of Duluth with his automobile, contrary to an ordinance of the city.

Defendant was convicted in the municipal court of Duluth of the offense of obstructing the street with an automobile, in violation of the ordinance. He appealed to the district court for St. Louis county, where the judgment was affirmed, Ensign, Cant and Hughes, JJ. From the order of affirmance, defendant appealed to this court. Affirmed.

*Spencer & Marshall,* for appellant.

*Walter F. Dacey,* for respondent.

START, C. J.

The defendant was convicted in the municipal court of the city of Duluth of the offense of wilfully obstructing with an automobile Superior street, contrary to an ordinance of the city, which, so far as here material, is to the effect following: It shall be unlawful for any person to obstruct or incumber, or cause to be obstructed or incumbered, any street of the city of Duluth with vehicles of any de-

1 Reported in 131 N. W. 791.

scription. The defendant appealed from the judgment to the district court of the county of St. Louis. The judgment was affirmed, and the defendant appealed to this court.

The sole question presented by the record is whether the evidence was sufficient to sustain the judgment of the municipal court. The evidence tended to show that the place of the alleged obstruction and encumbrance was on Superior street in front of the Spalding hotel, one of the largest hotels in the city, and at a very busy part of the city. The defendant conducted a jewelry store in one of the rooms of the hotel building, next to the entrance to the hotel. He was the owner of a five-passenger automobile, five feet wide and twelve feet in length. About ten o'clock a. m. of the day named in the complaint the defendant left his automobile, tagged "For Hire," in front of his place of business and near to the entrance of the hotel. A police officer told him that his instructions were to keep a clear line at the entrance to the hotel, indicated to him the limits, and directed him to move his automobile outside thereof. He refused so to do, and kept his automobile standing in the street near the entrance to the hotel for one hour and a half, when he was arrested. The defendant testified that his car stood seven feet from the entrance to the hotel, and that it did not at any time obstruct the entrance. The defendant's contention is that the evidence is not sufficient to sustain his conviction, because it does not show that the automobile actually impeded traffic on the street, and that his keeping it standing thereon in front of his place of business for the time and in the manner he did was a proper and justifiable use of the street.

State v. Rayantis, 55 Minn. 126, 56 N. W. 586, is relied upon in support of the contention. That case has no application to the one at bar. In that case an ordinance of the city of Minneapolis provided "that no person shall * * * leave, deposit, or place any * * * trucks, carts, wagons, sleds, or carriages upon or in any street," and it was held that the ordinance was not violated by a duly licensed "push-cart peddler" keeping his cart at one particular place on one of the busiest streets of the city for a half hour for the purpose of selling his wares. In stating the purpose of the ordinance, the court said: "It was solely designed to prevent the incumbering of streets

115 M.—5.

with structures or articles which would necessarily impede and obstruct in a somewhat permanent manner the proper use of the streets by the traveling public. * * * " See, in this connection, State v. Messolongitis, 74 Minn. 165, 169, 77 N. W. 29.

No hard and fast rule can be laid down as to what in every case will constitute an obstructing or incumbering of a street by an automobile or other vehicle, within the purview of the ordinance here in question. The time and place of an alleged obstruction and the kind of vehicle must be taken into consideration in each particular case. The stopping temporarily and for a reasonable time of an automobile in a public street for the convenience of the owner is not a violation of the ordinance; but he cannot lawfully use the street as a garage or for a taxicab stand, contrary to reasonable police regulations. The evidence in this case, in view of the time, place, and manner of the obstruction, is ample to sustain the conviction of the defendant.

Order affirmed.