# T. A. CROSS v. PAGE & HILL COMPANY.[1]

November 24, 1911.

Nos. 17,312—(122).

**Assignment — notice to debtor.**
> An assignment of a chose in action is valid as between the assignor and assignee, and notice is only necessary to charge the debtor with the duty of payment to the assignee. [Reporter.]

**Same — refusal to recognize assignment.**
> Conceding that, when a debtor refuses to recognize an assignment, an independent action by the assignee against the debtor will not lie when only a part of the debt was assigned, the rule has no application where the debtor has notice of the assignment and makes no objection thereto. [Reporter.]

Action in the district court for Beltrami county to recover $100 upon an order accepted by defendant. The answer was a general denial. The case was tried before Stanton, J., who made findings and as conclusion of law found that plaintiff was entitled to judgment for the sum demanded. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*Chester McKusick,* for appellant.
*A. M. Crowell,* for respondent.

PER CURIAM.

Defendant was a corporation doing business at Minneapolis, and engaged in buying and selling cedar poles and posts. One E. A. Hasty, was its representative at Black Duck, in Beltrami county, and during the year 1909 Hasty purchased from one James Larkin poles and timber amounting to about $900. Larkin signed an order on the Page & Hill Company to pay a third party $100; the company being indebted to him at that time in excess of that amount. It was presented to Mr. Hasty, who indorsed it as follows: "O. K. E. A. Hasty." The assignee presented the order to defendant com-

1 Reported in 133 N. W. 178.

pany, and payment was refused. The trial court found that the assignee duly gave notice to defendant that the order had been executed and delivered, that defendant owed Larkin in excess of $100 at that time, and that payment had been duly demanded, and ordered judgment for plaintiff.

1. An assignment of a chose in action is valid as between the assignor and assignee, and notice is only necessary to charge the debtor with the duty of payment to the assignee. Lewis v. Bush, 30 Minn. 244, 15 N. W. 113.

2. Conceding that, when a debtor refuses to recognize an assignment, an independent action by the assignee against the debtor will not lie, when only a part of the debt was assigned (Dean v. St. Paul & D. R. Co. 53 Minn. 504, 55 N. W. 628; Schilling v. Mullen, 55 Minn. 122, 56 N. W. 586, 43 Am. St. 475), the rule has no application where the debtor has notice of the assignment and makes no objection thereto.

Affirmed.