Leonard DeWITT, Plaintiff,

v.

**QUARTERBACK SPORTS FEDERA-
TION, INC., a Minnesota cor-
poration, Defendant.**

No. 3–68–Civ–196.

United States District Court
D. Minnesota,
Third Division.

Oct. 10, 1968.

Leonard M. Addington, Best, Flanagan, Lewis, Simonet & Bellows, Minneapolis, Minn., for plaintiff.

Jack C. Wallace, Newcome, Wallace & Newcome, St. Paul, Minn., for defendant.

### MEMORANDUM & ORDER DENYING MOTION TO DISMISS

DEVITT, Chief Judge.

In this action for declaratory, injunctive, and compensatory relief, defendant has moved under Rule 12 to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted because the plaintiff is not the

real party in interest as required by Rule 17(a), Federal Rules of Civil Procedure.

The dispute arises from a franchise agreement between the plaintiff and the defendant entered into on November 14, 1966. This agreement granted plaintiff the right to construct, operate, sell, or lease Quarterback Club restaurants within a certain defined territory in the western United States. A clause of the agreement prohibited the transfer, alienation, or assignment in whole or in part of the plaintiff's interest without the written consent of the defendant, which consent was not to be unreasonably withheld.

Thereafter, on February 28, 1968, plaintiff entered into an agreement to assign its full interest in the Quarterback franchise to Performax, Inc., a Minnesota corporation. The assignment was conditioned on obtaining written consent from defendant Quarterback. This latter agreement further provided that if consent were not forthcoming, the plaintiff would assign to Performax the first $75,-000 of profits derived from the license and fifty percent of any profits earned thereafter. Mr. DeWitt, the plaintiff, is a major stockholder in Performax, among whose directors is a former executive of Quarterback, Inc.

The defendant refused to consent to the proposed assignment, and on April 11, 1968, notified the plaintiff that the attempted assignment without consent was considered a breach of contract and that the franchise agreement was therefore cancelled. In July of 1968, plaintiff brought this action asking that its assignment to Performax, Inc., be declared not a breach of contract and that the franchise agreement be declared to be in full force and effect. The plaintiff further seeks an order preventing defendant from continuing its unreasonable refusal to consent to the assignment, and causing defendant to grant its consent. In addition, plaintiff alleges that defendant has failed to make available promised mortgage funds, and that defendant's uncooperative approach and lack of good faith entitles plaintiff to relief for out-of-pocket expenses and lost present and future profits, all in the amount of $1,550,000.

Since plaintiff is a citizen of Washington, and defendant is a Minnesota corporation, jurisdiction is properly based on diversity of citizenship. 28 U.S.C.A. § 1332.

It is defendant's theory that because plaintiff has assigned his interest under the agreement, he cannot be considered the real party in interest in this lawsuit.

Rule 17(a) of the Federal Rules of Civil Procedure states that, "[e]very action shall be prosecuted in the name of the real party in interest." In diversity cases such as the present, state law controls the determination of who is a real party in interest. Dubuque Stone Products Co. v. Fred L. Gray Co., 356 F.2d 718 (8th Cir. 1966); McNeil Construction Co. v. Livingston State Bank, 300 F.2d 88 (9th Cir. 1962); 2 Barron & Holtzoff, Federal Practice and Procedure § 482 (1961); 3A Moore Federal Procedure § 17.07. Therefore, we must look to the substantive law of Minnesota to discover who has the right sought to be enforced.

Central to the disposition of this case are questions as to the effect of the non-assignability clause, and the validity and effect of the plaintiff's attempted assignment. The cases which defendant cites in his brief are inapposite as they deal with situations where a valid assignment has been made and the question is whether the assignee can sue on the assigned debt as the real party in interest. See e. g., Bates v. B. B. Richards Lumber Co., 56 Minn. 14, 57 N.W. 218 (1893); Anderson v. Reardon, 46 Minn. 185, 48 N.W. 777 (1891).

The plaintiff, although his initial desire was to do so, did not make a complete assignment of his rights under the agreement with the defendant. At the very most, he attempted a partial assignment of profits to a corporation in which he had a substantial interest, retaining one half of all profits over the

first $75,000. Certainly, the interest retained is substantial. This situation is easily distinguished from that in Ellwein v. Holmes, 243 Minn. 397, 68 N.W.2d 220, 221 (1955), where the court in dicta observed that it was difficult to see where individual plaintiffs who assigned their entire contract to a corporation in which they were stockholders had retained sufficient interest to bring an action on the contract for fraudulent misrepresentation. Here plaintiff has a major interest in the assignee corporation, has assigned only profits, and has retained a substantial portion of those profits for himself. If we assume the assignment is effective, plaintiff is a partial assignor and as such is a real party in interest. Blair v. Espeland, 231 Minn. 444, 43 N.W. 2d 274 (1950); Wilkie v. Becker, 268 Minn. 262, 128 N.W.2d 704 (1964); Hoeppner Construction Co. v. United States, 287 F.2d 108 (10th Cir. 1961); 2 Barron & Holtzoff § 482; 3A Moore § 17.09[1.–1]. Once it is determined that a party has an interest recognizable under the substantive law of the state, the question of whether the doors of a federal court are open for the pursuit of relief is controlled by federal procedural law. Lapides v. Doner, 248 F.Supp. 883 (E.D. Mich.1965). That being the case, if the partial assignment herein is valid, plaintiff has retained a substantial interest recognizable under Minnesota law, and therefore would qualify as a real party in interest under Rule 17(a).

■■ If on the other hand the attempted assignment were not effective to pass any interest, the plaintiff would have retained his entire interest and would obviously be a real party in interest. In fact, Performax, being only an assignee of an invalid assignment, could not sue on the agreement. Cross v. Page & Hill, 116 Minn. 123, 133 N.W. 178 (1911); Kenrich Corp. v. Miller, 256 F. Supp. 15 (E.D.Pa.1966); 3A Moore § 17.09. It may be that such an assignment as the one here involved is, because of the words of the agreement, void. The valid-

ity of non-assignability clauses is generally upheld. See 3 Williston on Contracts § 422 (1960); 6 Am.Jur.2d, Assignments § 22 (1963); Annot., 37 A.L. R.2d 1251 (1954).

Because under either possibility the plaintiff DeWitt is a real party in interest, the defendant's motion to dismiss is

Denied.