Forbes v. Jason.

Messrs. PEPPER & WILSON and Messrs. WILLIAMS & LAW-RENCE, for appellees.

---

ISAAC B. FORBES, Adm'r,

v.

MAGDALENA JASON, Adm'x.

1.   GIFT—ASSENT BY DONEE.—Where a sum of money or other personal property is delivered to one person as a gift to another, it is not necessary to the validity of the gift that the donee should assent thereto.   In such case assent will be presumed.

2.   STATEMENT—GIFT CAUSA MORTIS—CONVERSION.—Plaintiff in error claimed that the money sued for was, by direction of the deceased in his last sickness, a gift to the wife of plaintiff in error, and that in pursuance of such direction he drew the money from the bank, took the certificate in his own name, and delivered it to his wife.   In such a case, the fact that the certificate

was taken in his own name, if he acted in good faith, and in the absence of fraud, would not constitute a conversion by plaintiff in error, unless at the time of giving the direction the donor was mentally incapable of disposing of his property, and plaintiff in error had reasonable grounds to believe in his incapacity.

3. SET-OFF—RES ADJUDICATA.—Where the record fails to show that the subject-matter of the present suit was insisted upon and treated as a set-off in a former suit, it will not be considered as *res adjudicata*. It must appear that such question was submitted to the jury in the former case; it may then be considered that the defendant in error had waived his claim to pursue it further.

4. INSTRUCTIONS—OFFICE OF—IN FAVOR OF PLAINTIFF IN ERROR.— The true office of instructions is to enlighten the jury upon the material issues in the case, and not to mislead or confuse them. Where the error in an instruction, if at all, is in favor of the plaintiff in error, it will not be considered.

ERROR to the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed June 17, 1880.

Messrs. BARNES & MUIR, for plaintiff in error; as to what constitutes a conversion, cited 2 Hilliard on Torts, 97, 108; Brown v. Boyce, 68 Ill. 294; Wellington v. Wentworth, 8 Met. 548.

Generally upon what is necessary in a gift *causa mortis:* 3 Redfield on Wills, 326; Martin v. Frank, 18 Alb. Law Jour. 451; Hill v. Stevenson, 63 Me. 364; Grymes v. Hone, 49 N. Y. 17; Session v. Moseley, 4 Cush. 87; Constant v. Schuyler, 1 Paige, 316; Borneman v. Sidlinger, 8 Shep. 185; Wells v. Tucker, 3 Binn. 366; Hunter v. Hunter, 19 Barb. 931; Gardner v. Gardner, 22 Wend. 525; Blaisdell v. Locke, 52 N. H. 238; Hillebrant v. Brown, 6 Tex. 45.

Parol testimony is admissible to show what was adjudicated upon in a former suit: Zimmerman v. Zimmerman, 15 Ill. 84; 2 Smith's Lead. Cas. 767.

The instructions as to a conversion were improper and misleading: Owens v. Weedman, 82 Ill. 409.

Messrs. SHAW & EDWARDS, for defendant in error; that there was a conversion of the fund, cited 2 Hilliard on Torts, 254; Johnson v. Howe, 2 Gilm. 342; Ring v. Billings, 51 Ill. 475;

Bane v. Detrich, 52 Ill. 19; Mead v. Thompson, 78 Ill. 62.

There was no valid gift *causa mortis*, there being no actual delivery: Pennington v. Gittings, 2 Gill & J. 208; Ward v. Turner, 2 Ves. 431; Bowers v. Hurd, 10 Mass. 426; Blanchard v. Williamson, 70 Ill. 647; Parish v. Stone, 14 Pick. 198; Hassell v. Chaney, 11 Chicago Legal News, 58; 3 Redfield on Wills, 326; Grover v. Grover, 24 Pick. 261; Sessions v. Moseley, 4 Cush. 87; Cosnahan v. Grice, 15 Moore, 215.

PILLSBURY, P. J.  Action of assumpsit, brought by the defendant in error against the plaintiff in error, upon a promissory note for $250, made by William T. Orr, in his lifetime, to John Jason, in his lifetime, and also for money had and received by said Orr to and for the use of said Jason.  The contest between the parties arises out of the claim upon the common counts.  The claim of defendant in error for a recovery against the plaintiff in error, is that her intestate, the said John Jason, had on deposit in the First National Bank of Lacon, the sum of seven hundred and fifty-four dollars and fifty cents, evidenced by two certificates of deposit, one for $500, and one for $254.50, dated, respectively, May 17 and May 30, 1877; and that on the day before he died, he, at the time being at the house of ·Orr, indorsed the said certificates and delivered the same to said Orr, with directions to go to the bank, draw the money and bring the same to him.  That Orr took the certificates, went to the bank, drew $104.50, and upon surrendering the two certificates, received one for $650 in his own name, and afterwards drew all the money and never accounted to the defendant in error therefor.

On the other hand, plaintiff in error, while not denying the indorsement of the certificates, and the presentation of them to the bank by Orr, claims that upon Orr's return from the bank and telling Jason what he had done, Jason told him to give the money to Mrs. Orr, who was a daughter of Jason, and had nursed him in his then last sickness, for her services to him, Jason, during such sickness; and that in obedience to such request of Jason he then delivered the money and certificate to his wife, Mary Orr.  It is further claimed, that in a suit brought

by Mary Orr against the estate of her father for twelve year's labor for him after she became of age, that this transaction was relied upon as a set-off by the appellee, and was allowed to her in reduction of the amount claimed by Mary Orr as due her for such labor. In answer to the last position, the defendant in error denies that she urged the same as a set-off, or that the same was allowed the estate in that suit; and as to the other defense, she claims that Jason, if he ever gave any directions to Orr to deliver the money to his wife, that he, Jason, was mentally incapable of so disposing of his estate; and he being in such condition, his direction to Orr would be no justification to Orr in delivering the same to his wife; and such disposition of the money under the circumstances would render Orr liable in this action

The parties upon the trial below gave testimony to the jury tending to establish their respective theories of the case, and upon the first branch of the defense relied upon, the evidence is in such condition that we would not be disposed to disturb the verdict, upon the ground that it is not sustained by the evidence, if the case had been submitted to the jury in accordance with our views of the law applicable to it.

The idea that if Orr took the certificate for $650 in his own name, and brought that to Jason instead of all the money, then he was guilty of converting the money to his own use by that act, appears to pervade the instructions as a series, and especially is it noticeable in the various modifications by the court of those given for the defendant.

While it is true that such act would be a technical conversion by Orr, it should be remembered that this action is an equitable one, and depends upon the fact whether the defendant has in his hands money that in equity and good conscience should be returned to the plaintiff. Therefore if he had the certificate instead of the money, no fraud appearing in the record as properly attributable to him, and he delivered the money that he had and the certificate, that represented the residue as being in the bank subject to the order of the holder, to his wife upon the order and direction of Jason that she was to have the money, it would be very inequitable to compel

Forbes v. Jason.

him or his estate to repay the sum thus disposed of by him at the request of Jason, especially as in such case the desire of Jason that his daughter should have the money, was substantially complied with. It would seem, therefore, that if he in good faith obeyed the direction of Jason in the distribution of the funds then in his hands, he ought to be exonerated; and upon the question of good faith upon his part, if Jason gave the direction as claimed, he would be justified in obeying the same, unless Jason was mentally incompetent to dispose of his property, and his condition at the time was known to Orr, or he had reasonable grounds to believe in his incapacity. Even though Jason might be incompetent to make the disposition in question, if Orr was not aware of, or had no reasonable ground to know his condition, he cannot be made liable for obeying the directions of Jason, as in such case the remedy of the defendant in error would be against the party obtaining the money from Orr.

If, however, Jason was mentally incapacitated from thus disposing of his property, and Orr knew it, or had reasonable grounds of belief that such was his condition, then it would be bad faith upon his part to deprive the estate of the money by giving it to his wife, though done by such order of Jason.

In the numerous instructions asked and given in this case, we shall not attempt to designate what particular ones conflict with the views above expressed, but in so far as any of them do, we consider that they should be corrected upon another trial. We take this occasion to express our disapprobation of the practice, altogether too common, of counsel asking the court to give a great number of instructions, some of them upon minor points in the case, and that can have no real influence in its determination, many practically duplicates of others, and more of them calculated to mislead the jury, being immaterial and inapplicable to the facts of the case.

The surprise, under such circumstances, is not that error is committed, but rather that the circuit courts, in the hurry of a jury trial and in the limited time necessarily allowed for the examination of such a vast amount of legal literature, should succeed in eliminating as many vicious instructions as they do.

The true office of instructions is to enlighten the jury upon the material issues in the case, and not to mislead or confuse them.

Upon the question of the mental capacity of Jason at the time, it is claimed he directed Orr to give the money to his wife, the first instruction given for plaintiff is erroneous in two particulars: first, it leaves the jury to judge of what would be legal directions in the management of his estate, and allows them to fix their own standard of capacity necessary for such purpose; and secondly, it ignores the question of Orr's knowledge of his incapacity, even if he was incapable of disposing of his property.

The third instruction given for the plaintiff was calculated to mislead the jury, by conveying to them the idea that in order to make the gift valid, even if delivered to Orr for his wife, all the parties must assent to the gift in the lifetime of Jason, and that she must have assented to the delivery to Orr for her.

As the gift was for her benefit, if it was delivered to Orr for her, though she may not have known of it at the time, her assent in such case would be presumed; and as the jury might readily infer from the instruction that it was the opinion of the court that in order to perfect the gift, Mrs. Orr must have given express assent to it, the instruction should have been refused or modified.

Regarding the second branch of the defense, that the claim now sought to be enforced by the plaintiff was allowed her in the former suit, it is sufficient to say this record does not support the position assumed by counsel for plaintiff in error. It appears from this record that on the former trial, Orr, then in life, and his wife, the then plaintiff, were witnesses, and testified and claimed that the money now in controversy was given to her by Jason for services in his last sickness, and did not constitute any payment for the services for which she sought to recover therein; but it nowhere appears that the estate, being defendant in that proceeding, made any claim before the court and jury that said sum should be allowed as payment on, or as a set-off against the claim of the plaintiff. Before it can

be considered as being passed upon as a set-off or payment in that suit, it should appear that the defendant in error representing the estate of Jason, claimed that it should be so treated, or submitted the question to the jury for consideration.

It is not enough that the plaintiff therein insisted it was a gift and not set-off or payment, but she must go further, and show that it was submitted to the jury in that case; then it might be considered that defendant in error had waived any claim to recover against Orr for the alleged wrongful disposition of the money in giving it to his wife, and relied upon the right to follow it into the hands of the wrongful recipient of it. If any error was committed by the court upon this branch of the case, it was in being too favorable to the plaintiff in error, both in admitting evidence, and in the instructions, and for such the plaintiff in error cannot complain.

For the errors indicated herein, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.