[No. 11051. Department One.—April 20, 1888.]

JOHN DANIEL ET AL., APPELLANTS, v. HOLLAND SMITH, ADMINISTRATOR, ETC., OF ABRAHAM FIELDING, DECEASED, ET AL., RESPONDENTS.

GIFT CAUSA MORTIS—PARTING WITH POSSESSION—RETENTION OF DOMINION.—Before a gift *causa mortis* can take effect, the donor must part not only with the possession, but also with all present control and dominion over the subject of the gift.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought by the plaintiff Emma Daniel and her husband, claiming to be the donee under a gift *causa mortis* from one Abraham Fielding, to recover the property claimed to have been the subject of the gift, to wit, the sum of $532.99 deposited in the Hibernia Savings and Loan Society in the name of Fielding. The facts on which the plaintiffs rely to show a gift *causa mortis* are stated in the opinion rendered on the prior appeal, reported in 64 Cal. 346, and in the present opinion.

*F. J. French,* and *Sawyer & Burnett,* for Appellants.

*Nathaniel Holland, Joseph Leggett,* and *Tobin & Tobin,* for Respondents.

BELCHER, C. C.—This is the second appeal in this case, and it was taken from a judgment in favor of the defendants, and from an order denying a new trial. The first appeal was from a judgment in favor of the plaintiffs, and the decision thereon may be found reported in 64 Cal. 346.

On turning to the report referred to, it will be seen that the court, by Thornton, J., after carefully reviewing the testimony, summed up the law applicable to this class of cases as follows:—

"To constitute a *donatio causa mortis,* the gift must be made in contemplation of the near approach of death by the donor, to take effect absolutely only upon the death of the donor. There must be a delivery of the property either to the donee or to some person for his use or benefit, and the donor must part with all dominion over the property, and the title must vest in the donee, subject to the right of the donor at any time during his life to revoke the gift."

And further along in the opinion it is said:—

"In view of the strict requirements of the law as to delivery shown by the foregoing, we cannot hold that a delivery was established in this case. Nor does it appear that the dominion or control over the bank-book or the money in the loan society ever passed from Fielding, or that any interest ever vested in the alleged donee. There was no language of gift used. On the contrary, the testimony indicates, in our judgment, the creation by Fielding of a bailment in trust or agency, which was to terminate with the death of Fielding."

This decision must be treated as the law of the case, unless the facts shown on the second trial were materially different from those shown on the first trial.

It is urged for the appellants that there was on the last trial proof of the "manual tradition" of the bank-book, and that this difference in the testimony entitled the plaintiffs to have judgment entered in their favor. It is true that Cornfoot testified very clearly that the bank-book was actually placed in his hands by Fielding, and that he took it away and kept it till after Fielding died, and then delivered it to Mrs. Daniel.

But in other respects there was no material change. It did not appear from the testimony given at the first trial that Fielding parted with the dominion or control of the bank-book, or the money represented thereby, and the testimony in the present transcript is, upon that question, substantially what it was before. There was then nothing showing that any interest ever vested in the alleged donee, and no different showing upon that subject is made now. There was no language of gift used before, and none is shown now.

All the authorities seem to hold that before a gift *causa mortis* can take effect, the donor must part not only with the possession, but also with all present control and dominion over the subject of the gift. It was so declared in the cases cited by Judge Thornton upon this point; and in *Basket* v. *Hassell*, 107 U. S. 602, in which a very learned and exhaustive opinion was delivered by Mr. Justice Matthews, the following language is used:—

"The instrument or document must be . . . . delivered to the donee, so as to vest him with an equitable title to the fund it represents, and to divest the donor of all present control and dominion over it; . . . . and a delivery which does not confer upon the donee the present right to reduce the fund into possession by enforcing the obligation according to its terms will not suffice."

In that case the donor had delivered a certificate of deposit into the hands of the donee, but the court said: "This indorsement which accompanied the delivery

qualified it and limited and restrained the authority of
the donee in the collection of the money, so as to forbid
its payment until the donor's death. The property in
the fund did not presently pass, but remained in the
donor, and the donee was excluded from its possession
and control during the life of the donor. That qualifi-
cation of the right which would have belonged to him if
he had become the present owner of the fund establishes
that there was no delivery of possession, according to
the terms of the instrument, and that, as the gift was to
take effect only upon the death of the donor, it was not
a present executed gift *mortis causa,* but a testamentary
disposition."

So in *Walter* v. *Ford,* 74 Mo. 195, checks were drawn
by Walter, and by him delivered to Ford, with directions
to deliver them to the parties in whose favor they were
drawn, if he, Walter, should die, but if he recovered, to
return them to him. The court said: "Ford was the
agent of Walter, and bound to obey his instructions, and
so doing, could not have delivered the checks to any one
while Walter lived. If they had been given to Ford to
be held for the payees at all events, the authorities cited
to show that a delivery to an agent or trustee of the
beneficiaries is a sufficient delivery, would be in point;
but that is not this case. The checks were given to
Ford, not to be delivered in the lifetime of Walter, but
after his death. It was in the nature of a testamentary
disposition, and possessed none of the elements of a *do-
natio causa mortis.*"

Counsel for appellants say there can be no doubt that
it was the intention of Mrs. Daniel's father that she
should have this money on his death, "and the only
question is, Shall this intention be defeated by the tech-
nical rules of law?" and they "submit that the testi-
mony is clear in making a case that appeals to justice,
and that the judgment will be reversed if the court is
not bound by the cases."

We consider the court bound by the rules of law established by the cases, and therefore advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.