JOSEPH L. BRADY v. CHARLES H. CHADBOURNE.[1]

May 6, 1897.

Nos. 10,302—(27).

**Assignment of Debt—Draft on Creditor.**

*Held*, that a draft for the whole of a specified debt amounts to an assignment of such debt to the payee, even without acceptance. *Held*, further, that it was error for the trial court in this case, which was an action upon a claim against the defendant so assigned, to instruct the jury, in effect, that the plaintiff could not recover unless the defendant accepted the draft for some amount.

Appeal by plaintiff from an order of the district court for Mille Lacs county, Searle, J., refusing a new trial after a verdict for defendant. Reversed.

*D. W. Bruckhart*, for appellant.

An order, drawn by a creditor, upon funds in the hands of the debtor, and not accepted by the debtor, is an equitable assignment. Dean v. St. Paul, 53 Minn. 504; Bradley v. Berns, 51 N. J. Eq. 437; Williams v. Ingersoll, 89 N. Y. 508. This order in question said in so many words that it was an assignment. This is not a case where only part of the fund drawn upon has been assigned. The entire claim was contemplated in this order, and the fact that it was not so stated but the order given as for a certain sum can make no difference. Consideration for the order was shown, and the question of its sufficiency can not be gone into as between the debtor and the assignee.

*Smith & Parsons*, for respondent.

The order in question was not intended to be an irrevocable assignment of the claim against defendant. It was not supported by a val-

1 Reported in 70 N. W. 981.

uable consideration. An agreement to accept a certain sum, upon the actual receipt of that amount, for a larger liquidated claim, is not supported by a sufficient consideration. Parsons on Contracts, 219; Cuxon v. Chadley, 3 B. & C. 591; Ryan v. Ward, 48 N. Y. 204, and Caswell v. Fellows, 110 Mass. 52.

START, C. J. The amended complaint herein alleged that Isaac W. Fitzgerald, at the special instance and request of the defendant, performed services for him which were of the reasonable value of $350; that afterwards, and on March 24, 1890, Fitzgerald, for a valuable consideration, duly assigned his claim on account of such services to the plaintiff, who on the same day notified the defendant of such assignment, and demanded payment of the claim to him; that the defendant objected to paying the full sum of $350; thereupon the defendant agreed to pay, and the plaintiff to receive, $250, in full of the claim. Wherefore the plaintiff demanded judgment for $250. The answer admitted that on March 24, 1890, he was indebted to Fitzgerald in the sum of $150, and denied that he then owed him any greater sum, and alleged that afterwards, and on August 22, 1890, he paid $150 to Fitzgerald in full settlement of the debt, and denied the other allegations of the complaint. On the trial the plaintiff, for the purpose of proving the assignment to him, offered in evidence an instrument in these words:

"Minneapolis, Minn., March 24th, 1890.
"Mr. C. H. Chadbourne: Please pay J. L. Brady three hundred and fifty ($350) dollars, the amount due me for commissions on sale of your farm; and I hereby sell and assign said claim to Brady.
                                        "I. W. Fitzgerald."

It was received in evidence without objection. There was some claim made by the defendant, in his evidence, that the words, "I hereby sell and assign said claim to Brady," were not in the order when it was presented to him; but the evidence would not justify any claim that there was any alteration in the instrument which would avoid it, and no such claim is here made. It is conceded that the claim of Fitzgerald for services against the defendant was for commissions on the sale of his farm, and that the defendant had notice of the execution of the order to pay the amount to the plaintiff before he paid Fitzgerald. The evidence was undisputed that the order was made to the plaintiff

by Fitzgerald for a valuable consideration. The plaintiff gave evidence tending to show that, when he presented the order to the defendant and demanded payment of the claim, he objected that it was too much, and that the parties settled upon $250, which the defendant promised to pay. This evidence as to the promise to pay was disputed by the defendant, who gave evidence, the plaintiff objecting and excepting, tending to show that, after he had notice of the execution of the order and the claim of the plaintiff, he settled with and paid Fitzgerald $150 on account of the claim, the latter having on July 2, 1890, notified the defendant not to pay the plaintiff anything on the order. The trial court instructed the jury as follows:

"If Brady and Chadbourne failed to come to any agreement as to what Chadbourne should pay and what Brady would accept on this order, then Mr. Chadbourne would be under no obligations to Mr. Brady on account of the same. In other words, it would not be considered as an acceptance for any amount whatever."

To which the plaintiff excepted. It was reversible error to give this instruction, for it was not necessary to the plaintiff's cause of action that the defendant should accept the order. The order was for the whole of a particular fund, and it operated as an assignment of Fitzgerald's claim for commission without any acceptance by the defendant. While a bill of exchange or draft payable generally will not, before acceptance, operate as an assignment to the holder of a debt due from the drawee to the drawer, yet, where the draft is for the whole of a specified fund or debt, it will amount to an assignment of such debt or fund, even without acceptance. Lewis v. Traders, 30 Minn. 134, 14 N. W. 587; 1 Daniel, Neg. Inst. § 21. After the defendant had notice of the assignment, the rights of the parties became fixed, and a recovery by the plaintiff upon the claim assigned could not be defeated by subsequent payment to the assignor. Schilling v. Mullen, 55 Minn. 122, 56 N. W. 586.

The defendant's counsel practically concedes the correctness of these propositions, but claims that two causes of action are alleged in the complaint, one as assignee upon the claim of Fitzgerald against the defendant, and the other upon the defendant's alleged promise to pay the plaintiff $250; that the second cause of action was the one relied upon by the plaintiff on the trial, and was the one to which his

evidence was directed; hence the instruction of the trial court complained of was correct. Neither of these claims is sustained by the record. The complaint states but a single cause of action, which is that defendant was owing Fitzgerald for services, and that the claim had been assigned to defendant. The other allegations of the complaint have reference to the fact of notice of the assignment to the defendant, and that the parties agreed that the amount of the assigned claim was $250. The plaintiff's evidence was directed to the proof of this, his one cause of action, and at the close of the evidence he requested the court to instruct the jury that the order was an assignment to him of the amount due from the defendant to Fitzgerald at the time it was presented to the former and payment demanded, and that he was entitled to recover the $150 which the defendant admitted was then due, but the court refused to so instruct. This shows that the plaintiff stood upon his claim that he was the assignee of Fitzgerald's claim against the defendant. Again, the trial court so understood it, for his first words to the jury were these:

"This action is brought by the plaintiff against the defendant to recover three hundred and fifty ($350) dollars, together with interest from March 24, 1890, upon this order, Exhibit 'A.' "

This instruction, with the one previously quoted, indicates that the trial court understood that the plaintiff's cause of action was upon the order, and that, unless the jury found that the defendant had accepted it for some amount, the plaintiff could not recover. No acceptance was necessary. The instruction given was error. So, also, was the admission of evidence that the defendant had settled with Fitzgerald.

Order reversed, and a new trial granted.