## McGUIRE v. MURPHY.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905).

**1. GIFTS—BANK DEPOSIT—DELIVERY.**
   There is a sufficient delivery to sustain a gift of a deposit in a savings bank where the depositor delivers her passbook and gives an order on the bank for payment of the amount of the deposit on production of the book, though the depositor dies before presentation of the book and order.
   [Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Gifts, §§ 52–57.]

**2. ASSIGNMENT—CONSIDERATION.**
   Transfer of a savings bank passbook and the giving of an order for the bank to pay the amount of the deposit on production of the book import a consideration.

Appeal from Trial Term, Senaca County.

Action by Margaret McGuire against John A. Murphy, administrator of Mary Murphy, interpleaded in place of the Auburn Savings Bank. From a judgment for plaintiff, the jury having been discharged at the close of the evidence, and the case disposed of by the court on findings of fact and conclusions of law, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

J. M. Hammond, for appellant.
Wm. S. MacDonald, for respondent.

SPRING, J.   On the 15th day of December, 1900, Mary Murphy had to her credit in the Auburn Savings Bank, in the name of Mary Quinn (which name she bore when the deposit was made), $522.16, which deposit was evidenced by a passbook, No. 14,063, delivered to her by the bank, and this was the only sum she had in the bank. On this date she delivered the passbook to Bridget La Fleur, at the same time giving her an order on the bank for $522.16, the full amount of her deposit, "on producing my deposit book 14,063." Mrs. Murphy died in the morning of December 20, 1900, and the order, with the passbook, was presented to the bank in the afternoon of that day by Mrs. La Fleur. The bank accepted the order, the bankbook was surrendered, she was given credit for the amount, and a passbook was delivered to her. Subsequently she demanded the money of the bank, but payment was refused on the ground that the appellant, who had been appointed administrator of Mary Murphy, deceased, claimed the fund. An action was commenced against the bank by the plaintiff, to whom Mrs. La Fleur had trans-

ferred her claim, and the defendant was substituted as defendant in place of the bank. 78 App. Div. 22, 79 N. Y. Supp. 91.

No extrinsic evidence was given either sustaining or impeaching the validity of the delivery of the passbook and accompanying order, and we are consequently left to the act itself in our consideration of the effect to be given to the transaction. The appellant contends that the order was not equivalent to an assignment of the fund to the payee, and that the death of Mrs. Murphy, occurring before the presentation to the bank, revoked its authority to honor and pay the same. The rules applicable to a check are not pertinent, for the transaction was one peculiar to a savings bank depositor. The method of the transfer was by delivery of the passbook and an order directing the bank to pay. We think this symbolic delivery of the deposit evidenced by the passbook, with the order, transferred irrevocably the fund to the transferee. Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758; Barefield v. Rosell, 177 N. Y. 387, 69 N. E. 732, 101 Am. St. Rep. 814; Ency. of Law, vol. 14, p. 1029 (2d Ed.). It can be sustained as a gift as effectively as if the money had been paid over to Mrs. La Fleur. The transaction is unimpeached, and the delivery was the best of which the fund was capable, unless the money itself had been withdrawn from the savings bank and handed to the donee, which would have been unusual, especially in the transfer of money on deposit in a bank of that character. More than that, the transaction can be upheld on the ground that the transfer imported a consideration. A check on a bank in which the drawer has funds sufficient to meet it is evidence of a valuable consideration. Cloyes v. Cloyes, 36 Hun, 145; Conroy v. Warren, 3 Johns. Cas. 259, 2 Am. Dec. 156; Daniels On Negotiable Instruments, par. 1652 (3d Ed.); Negotiable Instruments Law, § 321, c. 612, p. 756, Laws 1897; Carnwright v. Gray et al., 127 N. Y. 92–98, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424.

The present transfer was evidenced by delivery of the passbook and an order which partakes of the characteristics of a check. This combination transfer of the order and book, unassailed for fraud or misconduct, implies that there was an indebtedness or some other adequate consideration as the foundation for the transaction. Whether, therefore, viewed as a gift consummated by delivery, or as the transfer of the fund founded on a sufficient consideration, the ownership of the fund became unqualifiedly vested in Mrs. La Fleur. The order cannot be construed independently of the passbook, which denoted the precise sum to the credit of the depositor. To get at the heart of the transaction, they must be considered together (Raubitschek v. Blank, 80 N. Y. 478), and together they signify a consideration.

The order was introduced in evidence by the defendant, and shows on its face an alteration in the amount for which it is drawn. No proof of the alteration was given. The passbook stated the amount to the credit of the depositor, and its delivery to Mrs. La Fleur indicated an intention to transfer that fund to her. The order was further corroboration of this purpose, probably to con-

form to some by-law of the bank. In any event, we think the proof would not justify holding that the alteration invalidated the transaction. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.