HARRY C. VARLEY v. THOMAS W. SIMS.[1]

March 15, 1907.

Nos. 15,016—(157).

**Gift—Check on Bank.**

A check on a bank for the entire amount of the drawer's credit therein, delivered to a person as a gift of the money, though unaccepted by the bank, operates as an assignment of the fund; and if so delivered and intended by the donor, in anticipation of death from an impending peril from which he subsequently dies, it is valid as a gift causa mortis.

**Same.**

It is unnecessary that the check disclose on its face that it covers the entire bank credit. That fact may be shown dehors the instrument.

**Same—Delivery.**

The delivery of a check as a gift causa mortis to a person other than the donee, but for his use and benefit, and with instructions to deliver the same to the donee, is a sufficient delivery to pass title, though it does not reach the hands of the donee until after the donor's death.

**Same—Presumption.**

The person to whom the delivery is made is presumed, in the absence of a contrary showing, to be the trustee of the donee.

**Presumption of Acceptance.**

Where a gift causa mortis is beneficial to the donee and imposes no burdens upon him, acceptance by him is presumed as a matter of law.

[1] Reported in 111 N. W. 269.

Appeal by defendant, as administrator of the estate of Jessie L. Brown, deceased, from a judgment of the district court for Itasca county, entered pursuant to the findings and order of Spooner, J. Affirmed.

*George H. Spear*, for appellant.

Things in action in which the donor himself is the debtor party, cannot be the subject-matter of a valid gift. 3 Pomeroy, Eq. § 1148.

An unaccepted check drawn in the ordinary form does not of itself operate as an assignment, though supported by a consideration. 2 Am. & Eng. Enc. (2d Ed.) 1065, and cases cited; 4 Cyc. 50, 51, and cases cited in note 58; Chapman v. White, 6 N. Y. 412, 417; Florence Mining Co. v. Brown, 124 U. S. 385; Hopkinson v. Forster, L. R. 19 Eq. 74; Duncan v. Berlin, 60 N. Y. 151; O'Connor v. Bank, 124 N. Y. 324; First Nat. Bank v. Clark, 134 N. Y. 368; Pullen v. Placer, 138 Cal. 169; Rose's Notes under Florence Mining Co. v. Brown, 124 U. S. 385. A check does not become effective as an assignment even when drawn for the full amount of a fund, unless the fund be specified. The check remains "the debtor's own naked executory promise to pay." Harrison v. Wright, 100 Ind. 515; 4 Cyc. 53, and cases; Attorney-General v. Continental, 71 N. Y. 325; First Nat. Bank v. Clark, supra. Unless the money is obtained before the death of the donor the delivery of the check is not a valid gift mortis causa. In re Smither, 30 Hun, 632.

The donor's check in the instant case being a "naked executory promise" does not constitute a valid gift causa mortis. 20 Cyc. 1240–1241; 14 Am. & Eng. Enc. (2d Ed.) 1063, and cases cited; Thresher v. Dyer, 69 Conn. 404; McKenzie v. Downing, 25 Ga. 669; Gerry v. Howe, 130 Mass. 350; Second Nat. Bank v. Williams, 13 Mich. 282; In re Smither, supra; Simmons v. Cincinnati, 31 Oh. St. 457; Rhodes v. Childs, 64 Pa. St. 18; Pullen v. Placer, supra; Appeal of Waynesburg College, 111 Pa. St. 130, 132; Hewitt v. Kaye, 6 L. R. Eq. 198; Thornton, Gifts & Adv. 301. The decedent's check was not given for a valuable consideration; the respondent, therefore, was not a holder for value. 2 Daniel, Neg. Inst. § 1618b. The death of the drawer revoked the authority of the bank to pay the check. Morse, Banks & Banking, 260; Thompson, Bills, 244.

The view that a check does not operate as an assignment has been unanimously adopted by the courts of England, and the vast weight of American authority is also to be found in full accord with this rule. Note to Hemphill v. Yerkes [132 Pa. St. 545] 19 Am. St. 609.

The validity of a gift causa mortis is determined by the law of the place where made. 20 Cyc. 1243, note 67; Emery v. Clough, 63 N. H. 552; McCraw v. Edwards, 41 N. C. 202. The check in question was drawn in Wisconsin. There is no case in Wisconsin which holds that a check works an assignment of the deposit when it is not given for a valuable consideration. The question of assignment of funds to the amount of the check is original in Minnesota, but inferentially it has been answered in the negative. Northern Trust Co. v. Rogers, 60 Minn. 208.

*Alfred L. Thwing,* for respondent.

There may have been such a prior agreement, express or implied, to accept on the part of the drawee in an ordinary bill of exchange as will be equivalent to acceptance by him, after it is drawn. Woodard v. Griffiths-Marshal, 43 Minn. 260; Mandeville v. Welch, 5 Wheat. 277, 286. It is the universal understanding between banks and depositors, arising from the customs of trade, that the check of the latter is to be paid upon presentment. 2 Daniel, Neg. Inst. § 1638; National Bank v. Insurance Co., 104 U. S. 54. The implied promise of the bank to its depositor is to pay the sum deposited in any number of instalments to third persons designated by the depositor. A check is different in this respect from an ordinary bill of exchange. 2 Daniel, Neg. Inst. § 1640; Loan & Savings Bank v. Farmers, 63 Cent. L. J. 451, 455, note; Munn v. Burch, 25 Ill. 35; Fourth Nat. Bank v. City Nat. Bank, 68 Ill. 398, 402; Gage v. Union, 171 Ill. 531; Fogarties v. Bank, 12 Rich. L. 518; Simmons v. Bank, 41 S. C. 177; Lester v. Given, 8 Bush, 357; Farmers v. Newland, 97 Ky. 464; Gordon v. Muchler, 34 La. An. 614; Fonner v. Smith, 31 Neb. 107; Moline v. Fuehring, 60 Neb. 316; In re Brown, 2 Story, 502; Roberts v. Corbin, 26 Iowa, 315; May v. Jones, 87 Iowa, 188; Turner v. Hot Springs, 18 S. D. 101; Raesser v. National, 112 Wis. 591; 2 Morse, Banks & Banking, §§ 491, 511; dissenting opinions in Pullen v. Placer, 138 Cal. 199; National v. Eliot, 5 Am. L. Reg. 711.

It is well settled in this state and elsewhere that, as between the drawer of the check and the holder for value, the assignment is complete upon delivery, and the drawer has no right to stop payment without cause. Security Bank v. N. W. Fuel Co., 58 Minn. 141; Pease v. Landauer, 63 Wis. 20; Risely v. Phenix, 83 N. Y. 318, 328; National v. McLoon, 73 Me. 498; Pope v. Huth, 14 Cal. 404, 407; Bell v. Alexander, 21 Gratt. 1, 6; German Savings Inst. v. Adae, 8 Fed. 106; In re Brown, supra.

A great many cases asserting the general principle that an unaccepted check does not amount to an assignment should properly have been disposed of on the ground that the drawee may assert against the payee the equities which would be valid against the drawer. Bank v. Brewing Co., 50 Oh. St. 151; Northern Trust Co. v. Rogers, 60 Minn. 208; Industrial v. Weakley, 103 Ala. 458.

Checks used out of a book given to the depositor by the bank on receiving an open deposit are necessarily presumed by it to be drawn upon that fund or account. There is a well recognized distinction between a check and an ordinary draft or bill of exchange. Bull v. Bank of Kasson, 123 U. S. 105; Exchange v. Sutton, 78 Md. 577; Harrison v. Nicollet Nat. Bank, 41 Minn. 488; 1 Morse, Banks & Banking (3d Ed.) § 378, et seq. The check involved was drawn for the exact amount of the deposit. Some courts holding that a check for less than the full amount does not amount to an assignment pro tanto hold that a check for the exact amount constitutes an assignment of the debt due from the bank to the depositor. Hawes v. Blackwell, 107 N. C. 196; Walker v. Mauro, 18 Mo. 564; Muth v. St. Louis, 77 Mo. App. 493.

Choses in action may be delivered by transfer of the most effectual means of reducing them to possession, such as the writing representing the chose, if present and capable of delivery. Allen-West Commission Co. v. Grumbles, 129 Fed. 287; Johnson v. Colley [101 Va. 414] 99 Am. St. 908, 909, note and cases cited; Bond v. Bean, 72 N. H. 444. A valid gift causa mortis may be made of a special fund or deposit in a bank by delivery of the donor's check on same. The check may be delivered to a third person and need not reach the donee until after the maker's death. Whitehouse v. Whitehouse, 90 Me. 468; Dickenson v. Hoes, 84 N. Y. Supp. 152. Acceptance by the drawee is not neces-

sary. Rolls v. Pearce, L. R. 5 Ch. Div. 730; 1 Daniel, Neg. Inst. § 26. A gift is valid even though the check is not presented until after the donor's death. Phinney v. State, 36 Wash. 236; In re Taylor's Estate, 154 Pa. St. 183. In the case at bar the donee was not prevented from reducing the chose to possession before the donor's death.

BROWN, J.

The facts in this case are as follows: · On November 29, 1904, Mrs. C. H. Brown, the mother of plaintiff, had on deposit in the First National Bank of Grand Rapids, this state, subject to check, the sum of $1,168.30. She was on that date at the home of her sister, a Mrs. Wright, at West Allis, Wisconsin, and about to undergo a serious surgical operation. In view of the operation and the probability of death resulting therefrom, she drew her check on the Grand Rapids bank for the entire amount of her deposit therein, payable absolutely to plaintiff, and left the same with Mrs. Wright, instructing her to deliver it to plaintiff, who was not then present, in the event the operation resulted fatally. She also stated to her sister that, if she survived the operation, the check should be returned to her. Thereafter the operation was performed, and Mrs. Brown never regained consciousness, but died. Plaintiff was notified of the facts, but was unable to reach his mother before her death, and the check was not delivered to him until after that event. He subsequently presented it to the bank, but payment was refused. Defendant was appointed administrator of Mrs. Brown's estate, and the bank paid the money to him. Plaintiff thereafter brought this action to recover the same from the administrator, on the ground that the delivery of the check, under the circumstances stated, constituted a valid gift causa mortis to him of the funds in the bank. The cause was tried below without a jury, resulting in judgment for plaintiff, from which defendant appealed.

The only question presented is the validity of the alleged gift on which plaintiff relies for recovery. The cause was presented in this court on the oral argument and in the briefs with much ability by counsel, and the court has been aided very materially in the consideration of the question.

The essentials to a valid gift causa mortis are: (1) The gift must be made in view of approaching death from some existing sickness or peril; (2) the donor must die from that sickness or peril; and (3) there must be a delivery of the subject of the gift to the donee with the intention of passing title thereto, subject to revocation in the event of recovery from the pending illness, and an acceptance by the donee. Winslow v. McHenry, 93 Minn. 507, 101 N. W. 799, 106 Am. St. 448. The first two requisites are established in this case, viz., the delivery of the check with the intention of passing title to the money to plaintiff, the donee, and the death of Mrs. Brown. She was about to undergo a serious operation, and, in anticipation that death might result therefrom, made and delivered the check to her sister in trust, intending to give the money represented thereby to her son. She died from the peril with which she was then confronted, and the check was subsequently delivered in accordance with her instructions. That the delivery of the check to Mrs. Wright, to be by her in turn delivered to plaintiff on the occurrence of death, was a sufficient delivery, under the law applicable to such cases, the authorities fully sustain. Mrs. Wright was in contemplation of law the agent or trustee of the donee, and the delivery to her was as effectual as though it had been made personally to the donee.

In Hogan v. Sullivan, 114 Iowa, 456, 87 N. W. 447, it appeared that the donor deposited certain money in a bank, causing a certificate of deposit to be issued by the bank in the name of his son-in-law, to whom it was delivered. Two years later, in anticipation of death, he gave the son-in-law a written memorandum directing the disposition of the funds among certain beneficiaries after his death. In disposing of the question whether the delivery to the son-in-law of the certificate of deposit payable to him, and the subsequent directions by the donor for the disposition of the money among the beneficiaries, was a sufficient delivery to constitute a valid gift causa mortis, the court held that the son-in-law occupied the position of trustee for those to whom the donor intended the money as a gift, and that the delivery was sufficient and effectual. The court, in the course of the discussion of the question, remarked that it was well settled by the authorities that a gift causa mortis may be effected by a delivery to a third person in trust for the donee, though the gift does not come to the knowledge

of the donee, and is not accepted by him, until after the donor's death. Of course, if the person to whom the delivery is made be the agent of the donor, and no delivery is made to the donee until after the donor's death, it is ineffectual for any purpose. The reason for this is found in the fact that to give legal effect to such a gift the present title to the property must pass to the donee, and it does not pass so long as the donor or his agent retains possession or control of it. The agent has no authority to deliver after the donor's death, for his authority as such ceases when his principal dies. Hart v. Ketchum, 121 Cal. 426, 53 Pac. 931; Daniel v. Smith, 75 Cal. 548, 17 Pac. 683; Taylor v. Harmison, 79 Ill. App. 380; Smith v. Ferguson, 90 Ind. 229, 46 Am. 216; Dunn v. German-American, 109 Mo. 90, 18 S. W. 1139.

But, unless the contrary appears, it will be presumed that the person to whom delivery is made takes as the trustee of the donee. Devol v. Dye, 123 Ind. 321, 24 N. E. 246, 7 L. R. A. 439; Johnson v. Colley, 101 Va. 414, 44 S. E. 721, 99 Am. St. 884; 14 Am. & Eng. Enc. (2d Ed.) 1061.

In the case at bar it is beyond controversy that Mrs. Wright received the check in question as the trustee of plaintiff, and for all practical purposes the delivery was to him. The matter of acceptance by the donee is of slight importance. Where the gift is beneficial, and imposes no burdens upon the donee, acceptance will be presumed as a matter of law. Barnard v. Thurston, 86 Minn. 343, 90 N. W. 574; Ammon v. Martin, 59 Ark. 191, 26 S. W. 826; De Levillain v. Evans, 39 Cal. 120; Forbes v. Jason, 6 Ill. App. 395; Darland v. Taylor, 52 Iowa, 503, 3 N. W. 510, 35 Am. 285; 20 Cyc. 1235.

This brings us to the principal question in the case, viz., whether a bank check, unaccepted by the bank, constitutes a transfer to the payee of either the legal or equitable title to the funds to which it is subject, sufficient to sustain a gift causa mortis. The validity of gifts of bank deposits, evidenced by checks, or by the delivery of passbooks or certificates of deposit, has been before the courts in numerous cases. It is held in a majority of the states of this country, and perhaps the same rule prevails in England, that an ordinary check upon a bank for a part only of the drawer's deposit, unaccepted by the bank before the death of the donor, is ineffectual as a gift causa mortis, for the reason, among others, that the check does not operate to pass to the donee

100 M.—22

either the legal or the equitable title to the funds in the bank; in other words, that the unaccepted check is not, either in law or equity, an assignment of the funds.

But a strong and vigorous minority hold that where the intention to make a gift is free from doubt, and no question of fraud or the rights of creditors is involved, the delivery of a check for a part or the whole of the deposit is sufficient, though not presented for payment until after the death of the donor. The courts so holding proceed upon the theory that the passing of a present legal title is not essential to a valid gift, that an equitable title is sufficient, and that such a title becomes vested in the donee at the time the check is delivered and becomes absolute on the death of the donor. That an equitable title is sufficient in such cases is supported by a long list of authorities. Druke v. Heiken, 61 Cal. 346, 44 Am. 553; Stephenson's Adm'r v. King, 81 Ky. 425, 50 Am. 173; Ellis v. Secor, 31 Mich. 185, 18 Am. 178; Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. 758; Meach v. Meach, 24 Vt. 591; Basket v. Hassell, 107 U. S. 602, 2 Sup. Ct. 415, 27 L. Ed. 500.

An examination of some of the reported decisions where gifts of money on deposit in banks have been made by delivery of a passbook or unindorsed certificate of deposit discloses a disposition on the part of the courts generally to sustain them, where the intention of the donor is clear, there is no fraud, and the rights of creditors are not involved. In the case of Sheedy v. Roach, 124 Mass. 472, 26 Am. 680, the court held that a deposit in a savings bank might be the subject-matter of a gift causa mortis, and the gift established by proof of the delivery of the passbook accompanied by an assignment to the donee, though the bank was not informed of the gift until after the death of the donor. In Conner v. Root, 11 Colo. 183, 17 Pac. 773, the court held that a certificate of deposit might be the subject of a gift causa mortis, and, if delivered to a third person for the use of the donee, the title passed upon the occurrence of death, though the certificate was payable to the donor's order and was not indorsed by her. In McGuire v. Murphy, 94 N. Y. Supp. 1005, 107 App. Div. 104, the court held that there was a sufficient delivery of a bank deposit where the passbook and an order on the bank for the payment of the amount to the donee is delivered to him, though the donor die before presentation

to the bank. In the case of Polley v. Hicks, 58 Oh. St. 218, 50 N. E. 809, 41 L. R. A. 858, the court held that the delivery of a deposit book issued by a savings bank, accompanied by words of gift, is sufficient to constitute a gift causa mortis. Other cases along this same line might be cited without number, but it is unnecessary.

The courts holding that the delivery of a passbook or certificate of deposit is sufficient distinguish that class of cases from those where a mere check is delivered to the donee for a part of the fund. McGuire v. Murphy, 107 App. Div. 104, 94 N. Y. Supp. 1005. The substantial element of distinction, as we gather from reading the cases, is that in the case of a check there is no legal or equitable transfer or assignment of the bank funds to the donee. Whether the distinction has any logical foundation is, we think, an open question. Of course, as already suggested, to render a gift of this sort valid, title to the thing given must pass to the donee. Whether any title passed to plaintiff by the check in question depends upon the further inquiry whether the check operated, unaccepted by the bank, as an assignment. Upon the general proposition whether such is the legal effect of a check, considered generally and not with reference to gifts, the authorities are in hopeless conflict. The great majority of courts maintain the doctrine that such a check, unaccepted by the bank, does not operate either as a legal or an equitable assignment, because there is no privity of contract between the holder or payee and the bank. 4 Cyc. 49, and cases cited. Other courts insist, and upon broad grounds, that a check is in equity an assignment, and operates, as between the drawer and payee, as a transfer pro tanto. This view of the law is sustained by the courts of Illinois, Iowa, Kentucky, Nebraska, Pennsylvania, South Carolina, and Wisconsin. The privity of relation between the payee and the bank is found in the implied obligation of the latter to pay the funds deposited to whomsoever and whenever the depositor may direct. The authorities, as well as the merits of the question, are thoroughly discussed in a valuable note to Loan v. Farmers (S. C.) 63 Cent. Law J. 451, and referred to in a general way in Northern Trust Co. v. Rogers, 60 Minn. 208, 62 N. W. 273, 51 Am. St. 526. The precise question has never been determined by this court, and its solution is not necessary in this case. It is probable that the reasoning of those courts holding to the position that a check operates, between the parties, as an assign-

ment pro tanto, is the better law and should be adopted, yet the question is not free from doubt, and, not being involved, we pass it without discussion.

In the case at bar, the check relied upon by plaintiff was for the entire amount of the deposit, and in such cases the authorities are nearly uniform that an assignment of the whole fund results therefrom. Brady v. Chadbourne, 68 Minn. 117, 70 N. W. 981; Hill v. Escort (Tex. Civ. App.) 86 S. W. 367; May v. Jones, 87 Iowa, 188, 54 N. W. 231; Kimball v. Leland, 110 Mass. 325; Hawes v. Blackwell, 107 N. C. 196, 12 S. E. 245, 22 Am. St. 870; Pease v. Landauer, 63 Wis. 20, 22 N. W. 847, 53 Am. 247; Mandeville v. Welch, 5 Wheat. 277, 5 L. Ed. 87; Walker v. Mauro, 18 Mo. 564.

This principle is conceded by counsel for appellant, but he contended on the argument with much earnestness that it has no application to a check made the basis of a gift causa mortis; that the rule that an ordinary check for the whole of a fund operates as an assignment from the drawer to the payee applies only to checks given for a valuable consideration. There is authority for this contention. Pullen v. Placer, 138 Cal. 169, 66 Pac. 740, 71 Pac. 83, 94 Am. St. 19. But the reasoning upon which the decisions so holding are founded is not sound. Gifts in anticipation of death require no consideration to support them. They are sustained by the courts upon the same principle that all intentional gratuities are upheld. The law supplies a consideration by intendment, and gives force to the intention of the donor, and a gift stands upon an equality with a contract founded upon a valuable consideration. The same legal principle surrounds and upholds the check designed as a gift and that given for value received. Recent authorities sustain this view of the law. Phinney v. State, 36 Wash. 236, 78 Pac. 927, 68 L. R. A. 119; In re Taylor's Estate, 154 Pa. St. 183, 25 Atl. 1061, 18 L. R. A. 855. See also a valuable discussion of the general question in 60 Cent. Law J. 244, and Murphy v. Bordwell, 83 Minn. 54, 85 N. W. 915, 52 L. R. A. 849, 85 Am. St. 454. It is unnecessary that the check in such cases distinctly state on its face that it covers the entire fund. The fact that it does may be shown by proof on the trial. 4 Cyc. 53, and cases cited; 2 Daniel, Neg. Inst. 1643.

It follows from what has been said that the conclusion reached by the learned trial court was in harmony with the legal rights of the parties, and the judgment appealed from is affirmed.