## Chicago Savings Bank & Trust Company, Complainant. Northern Trust Company, Executor, Appellant, v. Louis M. Cohn, Appellee.

### Gen. No. 21,254.

1. GIFTS, § 30*—*what requisite to constitute gift causa mortis.* To constitute a valid gift *causa mortis* it must have been made with a view to the donor's death from present illness, or from external and apprehended peril, the donor must die of that ailment or peril, and there must be a delivery.

2. GIFTS, § 34*—*when delivery to third person sufficient.* The delivery to a third person for the benefit of the donee is as effective as though it had been made directly to the donee.

3. GIFTS, § 34*—*when third person presumed to be trustee of donor.* The third person to whom delivery is made for the benefit of the donee is presumed, in the absence of a contrary showing, to be the trustee of the donor.

4. GIFTS, § 30*—*when acceptance presumed.* Where a gift is beneficial to a donee and imposes no burden upon him, acceptance by him is presumed as a matter of law.

5. GIFTS, § 30*—*when bank book subject of gift causa mortis.* A savings bank book is a proper subject of donation *causa mortis.*

6. GIFTS, § 37*—*when evidence of written instrument and declarations by donor admissible.* In a proceeding to establish a gift *causa mortis* of a savings bank book, a document written by the donor and placed in her safety deposit box stating a gift of the book to the claimant and evidence of declaration of the donor to a third person of the gift to the claimant, while not sufficient to establish the gift, are admissible in corroboration of other evidence tending to establish it.

7. GIFTS, § 34*—*when delivery at time of gift causa mortis essential.* Delivery at the time of making of the gift *causa mortis* is essential to establish the *factum* of a gift *causa mortis*, delivery and not possession being material.

8. GIFTS, § 37*—*when circumstantial evidence admissible to show delivery of possession.* Delivery of possession may be proved by circumstantial evidence in a proceeding to establish a gift *causa mortis.*

9. GIFTS, § 37*—*when evidence insufficient to establish gift causa mortis.* In a proceeding to establish a gift *causa mortis* of a bank

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

book, evidence examined and *held* insufficient to establish a gift *causa mortis*.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded with directions. Opinion filed January 3, 1916. *Certiorari* denied by Supreme Court (making opinion final).

CULVER, ANDREWS, KING & COOK, for appellant.

MANCHA BRUGGEMEYER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The question presented by the record is the validity of an alleged gift *causa mortis* by Regina Watson to her brother, Louis M. Cohn. Mrs. Watson died July 31, 1913. She had on deposit in the Chicago Savings Bank & Trust Company funds amounting, with interest to the date of her death, to $2,231.56, and had a savings bank pass book in which the deposit of such funds was entered. The bank book and the fund represented thereby were claimed by Louis M. Cohn as donee and by the Northern Trust Company as executor of the will of Mrs. Watson. The Savings Bank filed its bill of interpleader against the claimants of the fund. An interlocutory decree of interpleader was entered and the claimants answered the bill, each claiming the fund and denying that the other was entitled to it. The court by its decree found that Louis M. Cohn was the owner of the fund and entered a final decree in his favor. From that decree the executor prosecutes this appeal.

Cohn introduced two items of documentary evidence and his own testimony and that of one other witness, Miss Lunt. Mrs. Watson went to St. Luke's Hospital July 28th for an operation and died there July 31st. Miss Lunt testified that July 26th Mrs. Watson told her she was going to leave her house, lot and money to

her brother, Louis M. Cohn; that witness saw her but once afterwards, that was the day before she died; that she was then very low and they had no talk with each other; that after she left Mrs. Watson's room she went to the room of the wife of Louis M. Cohn in the hospital, and Mrs. Cohn gave witness a ring that she said Mrs. Watson had asked her to give to witness, and told her that Mrs. Watson had given her "a book, a package" to give to her husband. Mr. Cohn testified that he received the savings bank pass book from his wife at St. Luke's Hospital immediately after the death of Mrs. Watson. The documents introduced in evidence were, first, the pass book, and, second, the following document:

"Chicago.

"I give and bequeath to my brother Louis M. Cohn, of Chicago, the contents of my savings Bank Book No. 1725 of the Chicago Savings Bank & Trust Company containing the sum of Twenty-two hundred and thirty-one Dollars and Fifty-six Cents.

Regina Watson.

Witnessed by
    Helen G. Carpenter,
        Hubbard Woods, Ill.
Chicago, July 28, 1913."

This document, it is admitted, was written by Mrs. Watson and placed in a safety deposit box rented by her, where it was found by the executor when the box was opened after her death.

"To constitute a valid gift *causa mortis* three things are essential. It must be made (1) with a view to the donor's death from present illness, or from external and apprehended peril; (2) the donor must die of that ailment or peril; (3) there must be a delivery." 3 Wait's Actions and Defenses, 502. The evidence establishes two of the requisites of a valid gift *causa mortis,* viz.: Impending death from present ailment, and that the donor died of that ailment. The control-

ling question in the case is as to the third requisite, and our conclusion must turn on the question whether the facts constitute or show a valid delivery of the property. We agree with the contention of appellee that in determining this question the following rules of law are applicable: (1) The delivery to a third person for the benefit of the donee is as effective as though it had been made directly to the donee. *Devol v. Dye*, 123 Ind. 321; *Caylor v. Caylor's Estate*, 22 Ind. App. 666, 52 N. E. 465. (2) The person to whom the delivery is made is presumed, in the absence of a contrary showing, to be the trustee of the donor. *Varley v. Sims*, 100 Minn. 331, 8 L. R. A. (N. S.) 828; *Johnson v. Colley*, 101 Va. 414. (3) When a gift is beneficial to a donee and imposes no burden on him, acceptance by him is presumed as matter of law. *Varley v. Sims, supra.* (4) A savings bank book is a proper subject of a donation *causa mortis. Van Wagenen v. Bonnot*, 72 N. J. Eq. 143, 65 Atl. 239. (5) The person to whom the delivery is made is presumed, in the absence of a contrary showing, to be the trustee of the donor. *Varley v. Sims, supra; Johnson v. Colley, supra.*

The document written by Mrs. Watson and placed in her safety deposit box, and the testimony of Miss Lunt as to the declaration of Mrs. Watson, are not sufficient to establish the gift, but they are admissible in corroboration of other evidence tending to establish the gift. *Ridden v. Thrall*, 125 N. Y. 572, 11 L. R. A. 684. There is no direct evidence in the record of a delivery of the pass book to Mrs. Cohn. She had it in her possession immediately after the death of Mrs. Watson, and Miss Lunt testified that the day before she delivered to witness a ring which she said Mrs. Watson had asked her to give to witness, and that Mrs. Cohn said Mrs. Watson had given her "a book, a package," for her brother. Mrs. Watson was very low and unable to talk when Miss Lunt saw her the day before her death. Mrs. Cohn was her sister-in-law

and occupied a room adjoining the one occupied by Mrs. Watson. She might properly have taken into her custody any article of value which Mrs. Watson had in her room, and the fact that she had in her care and custody the pass book does not prove that the book was delivered to her by Mrs. Watson.

Delivery at the time of making a gift is essential to establish the *factum* of a gift *causa mortis*. It is not the possession of the donee, but the delivery to him that is material. *Dickeschied v. Exchange Bank,* 28 W. Va. 340. Delivery of possession, like any other fact, may be proved by circumstantial evidence; but in this record there is no evidence, either direct or circumstantial, that proves delivery of possession of the book or the fund thereby represented by Mrs. Watson to Mrs. Cohn, and the evidence therefore, in our opinion, is insufficient to establish a gift of the pass book as a gift *causa mortis*.

The decree of the Superior Court is reversed and the cause remanded to that court with directions to enter a decree that the fund of $2,325.70 deposited with the clerk of that court by the complainant, the Chicago Savings Bank & Trust Company, is the property of the Northern Trust Company as executor of the will of Regina Watson, deceased, and directing that the clerk pay over to said executor said fund of $2,325.70, and that said Northern Trust Company, executor, etc., recover of said Louis M. Cohn its costs in said Superior Court.

*Reversed and remanded with directions.*